**Noah Bishop, Oregon Bar No. 092871**
Special Counsel to Plaintiff
Law Offices of Alexzander C. J. Adams, P.C.
14705 SW Millikan Way
Beaverton, OR 97006
noah@acjalaw.com
Fax:     888-588-5410
Office: 503-278-5400

**Marc E. Dann, Ohio Bar No. 0039425 (*Pro Hac Vice Pending*)**
DannLaw
PO Box 6031040
Cleveland, OH 44103
Telephone: (216) 373-0539
Facsimile:  (216) 373-0536
notices@dannlaw.com

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Denice Irlene Ward<br>    Debtor(s)<br>────────────────<br><br>Denice Irlene Ward,<br><br>    Plaintiff,<br><br>        v.<br><br>Federal National Mortgage Association<br>Nationstar Mortgage LLC,<br>    Defendant,<br>──────────────── | Case No.:  <u>12-33720-pcm13</u><br><br>**12 C.F.R. §1024.35(b)(2) and/or 12 C.F.R 1024.35(b)(11)**<br><br><br>**Adv. Proc No:**<br><br>**COMPLAINT**<br>  1.  VIOLATION OF 11 U.S.C. § 1301, §105(a),<br>  2.  BREACH OF CONTRACT<br>      Breach of Duty of Good Faith and Fair Dealing<br>  3.  Contempt of Bankruptcy Court - Violations of 11 U.S.C. §105 |

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

Case 19-03107-tmb    Doc 1    Filed 10/10/19

)  4. Violations of 12 C.F.R. § 1024.35, *et seq.* - Real Estate Settlement Procedures Act (RESPA)
   5. Violations of 15 U.S.C. §1601, *et seq.* - Truth in Lending Act (TILA)
   6. Violations of 15 U.S.C. §1691, *et seq.* - Fair Debt Collection Practices Act (FDCPA)
   7. Violations of Oregon Unfair Trade Practices Act

## LBR 7007-1 CERTIFICATION

1.      Prior to filing this complaint, Plaintiff Denice Irlene Ward (hereinafter "Plaintiff" or "Ward") contacted Defendant Federal National Mortgage Association DBA Fannie Mae ("Fannie Mae"); and Nationstar LLC, as registrant for Mr. Cooper,("Nationstar', collectively with Fannie Mae the "Defendants"), which purchased Seterus LLC which had been the servicer of Plaintiff's loan since she filed her bankruptcy via phone, email, mail, and a third party in an attempt to get a pay-off quote. Defendant Nationstar failed to provide the quote until Plaintiff had to retain counsel and was damaged. Defendant has made no attempt to make Plaintiff whole nor has it apologized for the time and cost that was incurred in handling Defendant Nationstar's mistakes. After entering into a settlement agreement with Defendant Nationstar over past issues pertaining to misapplication of mortgage payments, Plaintiff again began to get erroneous periodic billing statements. She has demanded that the issues on these statements be fixed and that she be sent periodic billing statements containing the correct information on the account. . As of the filing of this motion the problem does not appear fixed and she is not in possession of a statement that accurately states her account. After several years, and one failed  settlement agreement attempting to resolve this issue, Plaintiff's only viable option for redress is through this Court.

## PARTIES, JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1334, 105 because the initial motion for contempt was brought within Plaintiff's Bankruptcy Case, the settlement agreement was signed pursuant to claims made in bankruptcy, and the initial case was pursuant to the violation of a Bankruptcy Court Order. Venue is proper because Defendant has at all times attempted to collect debt from Plaintiff in Oregon and the issues arose from Defendant's handling of Plaintiff's account while it part of Plaintiff's Oregon Bankruptcy case.

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

Case 19-03107-tmb    Doc 1    Filed 10/10/19

3.     This Court has supplemental jurisdiction of any related State or Federal law claims for relief in this action under 28 U.S.C. § 1367, 28 U.S.C. § 1367, 28 U.S.C. § 1331 and/or 28 U.S.C. § 1337 based on Plaintiff's claims under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1691, *et seq.*

4.     Pursuant to LR 5010-1(a), Plaintiff's current mailing address is 849 South Oleander Cornelius, Oregon 97113.

5.     Defendant Federal National Mortgage Association is a government sponsored enterprise and a publicly traded company which pursuant to its pooling and servicing servicing agreement is the party to which Plaintiff may assert claims for any violations of the Loan committed by the Trust.

6.     Defendant Nationstar LLC, as registrant for Mr. Cooper, which purchased Seterus LLC is a mortgage servicer with its principal place of business located in Dallas, Texas. For all relevant times herein Nationstar was the servicer of the Loan.

7.     Plaintiff's claim is a core proceeding under 28 U.S.C. § 157(b)(2) and Plaintiff consents to entry of final orders and judgments by the Oregon Bankruptcy Court.

## NATURE OF CLAIMS

8.     Pursuant to 11 U.S.C. § 105 and this Court's inherent and equitable power, Denice Irlene Ward ("Plaintiff"), by and through counsel, seek an Order from this Court finding Defendant in breach of the settlement agreement, in violation of 11 U.S.C. § 524, § 1301, §105(a), Breach of Contract, Breach of Duty of Good Faith and Fair Dealing, Violations of 12 C.F.R. § 1024.35, et seq. - Real Estate Settlement Procedures Act (RESPA), Violations of 15 U.S.C. §1601, et seq. - Truth in Lending Act (TILA), Violations of 15 U.S.C. §1691, et seq. - Fair Debt Collection Practices Act (FDCPA), and Violations of Oregon Unfair Trade Practices Act.

## SUMMARY OF CLAIMS

9.     In January 2013, the CFPB issued a number of final rules concerning mortgage markets in the United States, pursuant to the DFA, Public Law No. 111-203, 124 Stat. 1376 (2010).

10.     Mrs. Ward is an "individual" or "consumer" as those terms are defined by federal and state statutes.

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

11.     Mrs. Ward's Loan is a "federally related mortgage loan" as said term is defined by 12 C.F.R. § 1024.2(b).

12.     Mrs. Ward's Loan is a "consumer transaction" as said term is defined by the FDCPA as the Loan was taken out for Mrs. Ward's personal use.

13.     Nationstar Inc. is subject to Regulations X and Z and does not qualify for the exception for "small servicers", as such term is defined in 12 C.F.R. § 1026.41(e)(4), nor the exemption for a "qualified lender", as such term is defined in 12 C.F.R. § 617.700.

14.     Nationstar Inc. is a "debt collector" as that term is defined by the FDCPA.

15.     Nationstar Inc. and Federal National Mortgage Association are a "Creditor" as that term is defined by the Bankruptcy Code.

16.     Mrs. Ward asserts a claim for relief against Nationstar Inc. for breaches of the specific rules under Regulation X as set forth, infra.

17.     Mrs. Ward asserts a claim for relief against Federal National Mortgage Association for breaches of the specific rules under Regulation Z as set forth, infra.

18.     Mrs. Ward asserts a claim for relief against Nationstar Inc. and Federal National Mortgage Association for breaches of orders of the Bankruptcy Court as set forth, infra.

19.     Mrs. Ward asserts a claim for relief against Nationstar Inc. for violations of the Fair Debt Collection Practices Act as set forth, infra.

20.     Mrs. Ward asserts a claim for relief against Nationstar and Federal National Mortgage Association for breaches of the Oregon Unfair Trade Practices Act, as set forth, infra.

21.     Mrs. Ward also asserts claims under common law against the Defendants, jointly and severally as applicable for breach of contract.

## FACTUAL BACKGROUND

### (Prior Litigation with Fannie Mae)

Like many borrowers during the late 2000s and early 2010s Mrs. Ward suffered some economic hardships which compelled her to file a Chapter 13 Bankruptcy to reorganize her debts and save the family home.

22.     Mrs. Ward was a Debtor in Chapter 13 Case No. 12-33720-PCM13 filed in the United States Bankruptcy Court for the District of Oregon on May 14, 2012. (the "Bankruptcy case") Mrs. Ward completed her Chapter 13 Plan and was discharged on September 07, 2016.

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

24.     Since the Chapter 13 was discharged the Mrs. Ward and Fannie Mae were opposing parties in a separate Motion for Contempt brought by Mrs. Ward related to Fannie Mae's inability to properly account for the pre-discharge and post-discharge mortgage payment disbursements.

25.     Mrs. Ward and Fannie Mae reached a settlement on the dispute.  As part of the settlement, Fannie Mae (through its Servicer) was instructed to…"provide Plaintiff in the ordinary course of business, a mortgage statement on November 1, 2018 showing that Plaintiff is current on her mortgage for 849 South Oleander Cornelius, Oregon 97113; she does not owe any delinquent fees, charges, and is current with her payments; and that the escrow account is current, other than for naturally occurring annual increases in taxes and insurance that may have happened since her last escrow statement."

26.     As agreed to and instructed Mrs. Ward tendered the contractual mortgage payment of $1,029.31 monthly to Seterus

27.     Plaintiff did not receive a mortgage statement from Seterus  in either November of 2018 or December of 2019.

28.     In January of 2019 Plaintiff received a mortgage statement from Seterus misstated what she owed and demonstrated that her payments had been misapplied. On Jan. 28, 2019 Plaintiff, through Counsel, demanded Seterus cease collection of erroneous attorney fees it was charging Plaintiff and to provide a conforming mortgage statement.  Seterus agreed to cease collection of the fees but did not provide the conforming mortgage statement.

29.      On February 13, 2019 Plaintiff received a mortgage statement from Seterus that misstated what she owed and demonstrated that her payments had been misapplied. A copy of the February 13, 2019 statement is attached as Exhibit A to this Complaint.

30.     On February 26, 2019 the Plaintiff, through Counsel, received correspondence from Seterus, a copy of which is attached as Exhibit B, in which Seterus explicitly stated that as of February 26, 2019, "the loan is contractually current". *See Exhibit B* at p. 1

31.     On or about March 15, 2019 Plaintiff's Counsel received written notification that Defendant Nationstar had acquired Ward's mortgage loan and that as of March 1, 2019 Nationstar would be the servicer of Ward's mortgage loan.

32.     On March 20, 2019 Plaintiff attempted, over the phone, to obtain information from Defendant Nationstar to allow her to refinance her home.  Plaintiff also reached out to

*Law Offices of Alexzander C.J. Adams, PC*
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

Defendant Nationstar with concerns over how her mortgage was being handled and questions about what was owed. During this call, Defendant Nationstar refused to discuss the loan or the servicing problems with the Plaintiff.

33.     On March 22, 2019 Plaintiff received a mortgage statement from Defendant Nationstar that misstated what she owed, stated that she was behind on her loan in the amount of $3,086.08, and demonstrated that her payments had been misapplied. A copy of the March 22, 2019 statement is attached as Exhibit C to this Complaint.

34.     On April 12, 2019 Plaintiff received a mortgage statement from Defendant Nationstar that misstated what she owed and demonstrated that her payments had been misapplied. This statement, attached as Exhibit D to this Complaint, noted that the Plaintiff was $4,117.24 delinquent. *See Exhibit D* at p. 1

35.     Plaintiff received a mortgage statement dated May 20, 2019 from Defendant Nationstar that misstated what she owed and demonstrated that her payments had been misapplied. This statement, attached as Exhibit E to this Complaint, noted that the Plaintiff was $5,146.55 delinquent. *See Exhibit E* at p. 1

36.     Despite being current on her payments, Plaintiff received a letter from Defendant Nationstar dated June 5, 2019 stating that her loan was past due. This letter, attached as Exhibit F to this Complaint, notified Ward that "As of 05/01/2019, your loan is past due". *Exhibit F* at p. 1

37.     Plaintiff received a mortgage statement from Defendant, dated June 18, 2019, that misstated what she owed and demonstrated that her payments had been misapplied. This statement, attached as Exhibit G to this Complaint, noted that the Plaintiff was $6,175.86 delinquent. *See Exhibit G* at p. 1

38.     During this time Plaintiff was desperately trying to refinance her loan so that she could pay for a new roof before winter and escape from the incompetence of Seterus and Nationstar Her loan officer assisted Plaintiff in trying to obtain the payoff quote but was unsuccessful.

39.     Plaintiff sent Defendant Nationstar a letter dated June 26, 2019 demanding a payoff quote pursuant to 12 C.F.R. § 1026.36(c)(3) ("RFI #1"). *A copy of RFI #1 is attached as Exhibit H*

40.     . Defendant Nationstar did not provide the payoff quote in response to RFI #1.

*LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC*
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

41.     On July 12, 2019 Plaintiff spoke with a representative of Fannie Mae and Nationstar and neither was able to provide her a payoff quote.

42.     Plaintiff had another conversation with the Fannie Mae on July 20, 2019 and it was still unable to provide a payoff quote nor explain its erroneous accounting.

43.     On July 25, 2019 Plaintiff emailed a demand for a payoff quote within 10 days to Fannie Mae at the email address it provided.  Defendant Fannie Mae did not reply.

44.     Plaintiff's attorneys sent a Notice of Error ("NOE #1") to both Defendants on July 29, 2019 along with another demand for a payoff quote. *A copy of NOE #1 is attached as Exhibit I.*

45.     The payoff quote was not received by Plaintiff until August 19, 2019.

46.     Through counsel, Plaintiff received a history of the loan that does not reflect that Fannie Mae and/or Nationstar have abided by the terms of the prior settlement agreement.

**IMPACT OF DAMAGE UPON DENICE WARD**

47.     Based on the allegations above Nationstar and Fannie Mae engaged in a now nine month violation of the settlement agreement from the Bankruptcy case.   Nationstar, Fannie Mae and Mrs. Ward knew based on an agreed settlement what the intention was for all payments tendered since entering into the agreement.

48.     Despite the settlement agreement and the fact that the Plaintiff had tendered all payments due, the Defendants failed to properly apply six months of payments.

49.     Defendants repeatedly refused to disclose a payoff quote to Plaintiff despite its obligations under 12 C.F.R. § 1026.36(c)(3).

50.     Defendants were aware of the difficulty and emotional hardship that this was causing for Plaintiff.  The previous litigation with Defendant had left Plaintiff vulnerable and Defendant's refusal  to allow heraccess to her loan was humiliating.

51.      Defendant's failure to timely respond to the Notice of Error further exacerbated the on-going misapplication of payments and inability of Plaintiff to refinance her mortgage because if Defendant had conducted a reasonable investigation of the detailed payments, Defendant would have discovered that the loan was current and could be paid off.

52.     As a result of the actions of the Defendants as detailed herein, Mrs. Ward has suffered actual economic damages including but not limited to: (1) time spent handling, change in the price she needs to pay for a rush job, a potential change in interest rates, and costs

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

stemming from the delay in her application, as well as the employment of counsel. In addition to the actual economic damages above, the Plaintiff has suffered non-economic damages in a yet to be determined amount related to: (1) The emotional distress from Defendant's refusal to provide a payoff quote or properly apply her payments which has resulted in loss of sleep, anxiety, depression, embarrassment, and other significant emotional distress; and (2) the continued emotional distress driven by the fear that she may have to lose her home if its roof can't be fixed.

## COUNT ONE: AGAINST ALL DEFENDANTS

### [Breach of Contract]

53. Plaintiff restates and incorporates all of her statements and allegations contained in Paragraphs 1 through 59 in their entirety as if fully rewritten herein.

54. The Loan is an enforceable contract between the Plaintiff and Federal National Mortgage Association as well as Federal National Mortgage Association's servicers for the relevant times herein, Seterus Inc. (all relevant times through March 1, 2019) which became Nationstar Mortgage (March 1, 2019 to the present).

55. Based on the allegations herein Plaintiff tendered all required payments to Defendants since November 1, 2018.

56. Based on the allegations contained herein as well as Exhibits A through H, has failed to properly account for those tendered payments.

57. Mrs. Ward has performed her obligations as required by the terms of the Loan and the settlement in the Bankruptcy Case.

58. Based on Paragraphs 1 and 2 of the Deed of Trust, Fannie Mae and Nationstar had an obligation to properly apply all funds when tendered to the balances owed to the interest, principal, escrow, late fees, and then any other corporate advances due on the Loan. Based on the allegations contained herein, *supra*, these funds have not been credited which led to the improper declaration of default of the Loan. Based on Exhibits A through G, Nationstar and/or Fannie Mae has taken funds directly earmarked to go to those loan accounts and applied those funds to other balances due on the loan and/or in an improper manner as required under the Note, Deed of Trust and the Settlement Agreement in the Bankruptcy Case.

59. Based on the allegations herein the Defendants have each breached the Loan agreement and this breach is one of bad faith as demonstrated by the allegations, *supra*, and

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

Exhibits A through G. Nationstar Inc. has failed to exercise reasonable diligence in the service of the Loan. Both Defendants owe Mrs. Ward a fiduciary duty to handle payments of principal, interest, and escrow properly. Nationstar Inc., on behalf of the Federal National Mortgage Association, has breached its duty by failing to accept and apply payments made in accordance with the terms of the Settlement and the Loan.

60.     Defendants have breached the contract and Plaintiff is entitled to actual damages against all Defendants of at least $6,175.86.

## COUNT TWO: AGAINST ALL DEFENDANTS
### [Breach of Duty of Good Faith and Fair Dealing]

61.     Plaintiff restates and incorporates all of her statements and allegations contained in Paragraphs 1 through 59 in their entirety as if fully rewritten herein.

62.     The Defendants owed Plaintiff a duty of good faith and fair dealing, which is implied in every agreement.

63.     Defendants breached those duties, as described above, and further breached their duties to Plaintiff by, failing to timely acknowledge and accurately review all of the paperwork sent in by Plaintiffs, and/or by improperly denying Plaintiff's repeated requests for a payoff quote.

64.     As the direct and proximate result of Defendants' breaches, Plaintiff has incurred damages in an amount of to be determined.. The Plaintiff also claims her right to attorney fees and costs pursuant to the deed of trust and ORS 20.096.

## COUNT THREE: AGAINST FEDERAL NATIONAL MORTGAGE ASSOCIATION
### [Violation of 11 U.S.C. 105 - Violation of Court Order on Settlement]
### [Violation of 11 U.S.C. 105 - Violation of Fed. Bank. R. 3002.1]
### [Violation of 11 U.S.C 541(i) – Failure to Properly Credit Payments Made Under a Chapter 13 Plan]

65.     Plaintiff restates all allegations contained in Paragraphs 1 through 59 with the same force and effect as though fully set forth herein.

66.     Based on the allegations above both of the Defendants were an active participant in the Mrs. Ward's Bankruptcy.

67.     Despite the existence of a Settlement Agreement entered into with the Bankruptcy Court for violations of the Court's Orders related to Fed. Bankr. R. 3002.1 and 11 U.S.C. 541(i),

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

Fannie Mae's loan servicers – Seterus and now Nationstar - have willfully mishandled the contractual mortgage payments after the discharge order of this court for over three years.

68.    Fannie Mae and Nationstar's above-described actions are deliberate and are intentional adverse acts done with respect to the Plaintiff's Mortgage Loan and Plaintiffs' credit reports.

69.    Fannie Mae and Nationstar's policies and procedures show a complete and reckless disregard toward the Orders of the Bankruptcy Court. The actions of Federal National Mortgage Association and Nationstar Inc. as demonstrated by Exhibits A through G have caused material injuries to the Plaintiff and have caused the Plaintiff lost time, undue hardship, stress, and damage to her credit.

70.    The actions of Fannie Mae and Nationstar as demonstrated by Exhibits A through G indicate a systemic problem within Federal National Mortgage Association and Nationstar Inc. concerning how it processes Orders of the Bankruptcy Court and handles the accounting of mortgage loans.

71.    As a result of the Defendants' actions, Fannie Mae and Nationstar are each liable to the Plaintiff for actual damages in a total amount to be determined at trial, attorneys' fees and costs, and a finding of punitive damages under 11 U.S.C. § 105 in an amount this Court deems just and proper.

## COUNT FOUR: AGAINST NATIONSTAR
**[Failure to Properly Acknowledge a Notice of Error in Violation of 12 C.F.R. § 1024.35 and Failure to Respond to a Notice of Error in Violation of 12 C.F.R. § 1024.35]**

72.    Plaintiff restates all allegations contained in Paragraphs 1 through 59 as if fully restated herein.

73.    12 C.F.R. § 1024.35(a) provides "[a] servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred."

74.    12 C.F.R. § 1024.35(d) provides that a servicer must acknowledge in writing receiving a notice of error from a borrower within five days of receipt.

75.    12 C.F.R. § 1024.35(a) provides "[a] servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred."

76.     Comment 1 of the CFPB's Official Interpretations of 12 C.F.R. §1024.35(a) provides that "[a] notice of error is submitted by a borrower if the notice of error is submitted by an agent of the borrower."

77.     12 C.F.R. §1024.35(e)(1) provides that a servicer must respond to a notice of error by either correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance" or by conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance."

78.     As stated above, *supra*, Plaintiff sent Nationstar Inc. a Notice of Error July 26, 2019 to Nationstar Inc.'s designated address for such. *See Exhibit I.*

79.     Exhibit I contained substantive allegations of errors in violation of 12 C.F.R. 1024.35(b)(2) and/or 12 C.F.R. 1024.35(b)(11) as well as errors in violation of 12 C.F.R. 1024.35(b)(5). *See Exhibit I.*

80.     Exhibit I contained substantive allegations of errors in violation of 12 C.F.R. 1024.35(b)(11). *See Exhibit I.*

81.     Based on the allegations herein Plaintiff made at least three requests to Nationstar, the last as part of the Notice of Error, and did not receive a response within seven business days.

82.     Nationstar has committed at least three (3) willful violations of Regulation X.

83.     Based on the allegations herein, the actions of Nationstar are part of a pattern and practice of behavior in conscious disregard for Plaintiff's rights.

84.     As a result of such actions, Nationstar is liable to Plaintiff for actual damages as described, *supra*, as well as for statutory damages per violation, costs, and attorneys' fees.

## <u>COUNT FIVE: AGAINST FANNIE MAE</u>
### Violation of 12 C.F.R. §1026.41
### [Violation of TILA - failure to send correct periodic billing statements]

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

85. Plaintiff restates and incorporates all of her statements and allegations contained in paragraphs 1 through 59 in their entirety, as if fully rewritten herein.

86. 12 C.F.R. §1026.41(a) requires that a servicer must provide the consumer a periodic statement meeting the requirements of 12 C.F.R. §1026.41 for each billing cycle of the transaction.

87. 12 C.F.R. §1026.41(d) provides that the required periodic billing statements shall include information including the amount due, an explanation of the amount due, delinquency information, and account information including the current outstanding principal balance and interest rate.

88. Plaintiff is a consumer as that term is defined by TILA.

89. From November 1, 2018 through December 31, 2018, Fannie Mae, through its servicer, failed to send a periodic billing statement to be sent to Plaintiff. This is two (2) months of missing statements.

90. Despite the failure of Fannie Mae through its servicer(s) to send the November 2018 and December 2018 statements, Fannie Mae through its servicers Seterus and Nationstar sent periodic billing statements from January 2019 to the present. *See Exhibits A, C, D, E, G generally*.

91. Fannie Mae should have known that it was obligated to provide a periodic billing statement for November of 2018 and December of 2018 both because it is mandated by Regulation z to TILA but also because it was required bythe settlement agreement.

101. In addition to failing to send the statements for November 2018 and December 2018 based on the allegations herein and Exhibits A, C, D, E and G, Fannie Mae through its servicers have sent nine (9) statements which contain inaccurate information including but not limited to (1) the amount past due; (2) unapplied partial payments and (3) Interest Bearing Principal Balance. *See Exhibits A, C, D, E, and G* generally.

102. The knowing failure to transmit accurate and truthful information through the periodic billing statements wholly defeated the purpose of such statements, that is, to properly provide accurate disclosures to the Plaintiff as to their obligations on the Loan.

103. Based on the allegations above each of these violations herein caused the Plaintiff to be harmed by never knowing what the correct balance of the loan was as well as by suffering

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

continued concern that her payments were not being applied properly. Fannie Mae's actions, as done by their servicers described herein, demonstrate a pattern and practice in conscious disregard of Plaintiff's rights.

104.    As a result of the above violations described herein, Fannie Mae is liable to the Plaintiff for statutory damages of at least $400.00 but not to exceed $4,000.00 for each of the ten (10) separate violations, actual damages of at least $6,175.86, and reasonable attorneys' fees and costs.

**COUNT SIX: AGAINST NATIONSTAR**
**Violation of 15 U.S.C. §1692k**
**[Violation of the Fair Debt Collection Practices Act]**

105.    Plaintiff restates and incorporates all of her statements and allegations contained in paragraphs 1 through 59 in their entirety, as if fully rewritten herein.

106.    Based on the allegations herein and Exhibits C through G,  Nationstar, Inc. acted at all times in the servicing of this loan as a debt collector as it began servicing this loan at a time when it was in default.

107.    Plaintiff is a consumer as that term is defined by the FDCPA.

108.    The Loan is a consumer debt as that term is defined by the FDCPA because the Loan was incurred for household purposes--namely the financing of a deed of trust on the Plaintiff's residence.

109.    Based on the allegations contained herein, *supra*, each of the six (6) statements sent by Nationstar (either as Nationstar or Seterus) contain a misrepresentation of the character, amount and legal status of the loan. Nationstar (either as Nationstar or Seterus) represented to Plaintiff in each of these statements that she owed sums on the loan which were not in fact true. *See Exhibits A through G*

110.    Nationstar sent Plaintiff a letter misrepresenting that her loan was past due and states that Nationstar is a debt collector attempting to collect a debt.  *See Exhibit F*

111.    Based on the fact that Nationstar took over servicing of the loan from Seterus Inc. after the settlement agreement had been entered into by the parties Nationstar knew or should have known, of the Settlement in the Bankruptcy Case. Nationstar violated 15 U.S.C. §1692(f) by sending each statement like Exhibits A, C, D, E, and G because its conduct as outlined herein constitutes an unconscionable means to collect or to attempt to collect a debt.

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

117.    Plaintiff was damaged by the above actions as described *supra*.

118.    Nationstar has violated the FDCPA and is liable to Plaintiff for an award of statutory damages, actual damages, and legal fees pursuant to 15 U.S.C. §1692k(a).

## COUNT SEVEN: ALL DEFENDANTS
### (Violation of the Oregon Unfair Trade Practices Act)

119.    Plaintiff restates and reincorporates the allegations contained in Paragraphs 1 through 50 as if set forth in full herein.

120.    The Defendants, acting within the course of their business, did within the State of Oregon sell or offer to sell services that are covered by ORS § 646.605 and ORS § 646.608 and the services were primarily used for personal, family or household purposes. Specifically Seterus and Nationstar, Inc., on behalf of Federal National Mortgage Association, held themselves out as the servicers of the Deed of Trust which involved the "Loan" as that term is defined by ORS § 646.605

121.    Based on the allegations above, *supra*, and more specifically described in Paragraphs 1 through 59 the Defendants, as applicable, did willfully and/or negligently engage in conduct in violation of ORS § 646.608(1)(u) and (4), and OAR 137-020-0805(3) and (6). The Plaintiff has suffered an ascertainable loss as a result of the unfair trade practice of at least $6,175.86.

122.    More specifically Defendants Nationstar and Fannie Mae have failed to deal with Plaintiff in good faith following the settlement in the Bankruptcy.  As demonstrated by Exhibits A-I and the allegations herein, *supra*, Nationstar and Fannie Mae have repeatedly engaged in a pattern of misapplying the tendered payments by Plaintiff since November 2018.

123.    At all material times each of the Defendants acted knowingly, willfully, maliciously, and with a reckless and outrageous indifference to a highly unreasonable risk of harm and a conscious indifference to the health, safety, and welfare of Plaintiff.

124.    Plaintiff is therefore entitled to the greater of: actual in an amount to be determined plus punitive damages of $500,000.00 together with their attorney's fees and costs pursuant to the statute and pursuant to the Note and Deed of Trust, and expenses and any equitable relief the court considers necessary or proper, or $200 pursuant to ORS § 646.638(1).

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Denice Ward prays for relief as follows on her claim against

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

Defendants Federal National Mortgage Association and Nationstar LLC

A. On her First Claim for Relief for Plaintiff's actual damages of at least $6,175.86 and in an amount to be determined at trial against the Defendants, jointly and severally, as applicable;

B. On her Second Claim for Relief for Plaintiff's actual damages of at least $6,175.86, and in an amount to be determined at trial against Defendants, jointly and severally, as applicable;

C. On her Third Claim for Relief, all actual damages in an amount to be determined at trial, all punitive damages in an amount to be determined at trial plus Plaintiff's Attorneys' Fees and Costs pursuant to 11 U.S.C. § 105 against Defendants Nationstar, Inc. and Federal National Mortgage Association, jointly and severally, as applicable;

D. On her Fourth Claim for Relief, all actual damages of at least $6,175.86 and in an amount to be determined at trial, statutory damages of Two Thousand Dollars ($2,000.00) for each violation contained within the Fourth Claim of Relief plus Plaintiff's Attorneys' Fees and Costs against Defendant Nationstar Inc.

E. For her Fifth Claim for Relief, all actual damages in an amount to be determined at trial, all statutory damages of at least Four Hundred Dollars ($400.00) but not to exceed Four Thousand Dollars ($4,000.00) for each of the ten (10) violations contained therein, *supra*, plus Plaintiff's Attorneys' Fees and Costs against Defendant Federal National Mortgage Association;

F. For their Sixth Claim for Relief, all actual damages in an amount to be determined at trial, all statutory damages of One Thousand Dollars ($1,000.00) per violation plus Plaintiff's Attorneys Fees and Costs against Defendant Nationstar, Inc.;

G. For their Seventh Claim for Relief, the greater of actual damages of at least $6,175.86 in an amount to be determined at trial, plus punitive damages of $500,000.00 together with the Plaintiff's Attorneys' Fees and Costs pursuant to Statute and pursuant to the Note and Deed of Trust and expenses and any equitable relief this Court considers necessary or proper, OR $200.00 pursuant to ORS § 646.638(1) against the Defendants, jointly and severally, as applicable;

H. On all Plaintiff's Claims for Relief for their attorneys' fees and all costs pursuant to the Deed of Trust and ORS § 20.096;

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

I. On all Plaintiff's Claims for Relief for their costs and disbursements incurred herein; and

J. Any other relief this Court deems equitable and just.

DATED: This 10th Day of October, 2019

Respectfully submitted,

/s/Alexzander C.J. Adams
Alexzander C.J. Adams, OSB Bar No. 082441
/s/ Noah Bishop
Noah C. Bishop, OSB Bar No. 092871
**Law Offices of Alexzander C. J. Adams, P.C.**
14705 SW Millikan Way
Beaverton, OR 97006
Telephone: (503) 278-5400
Facsimile:  (888) 588-5410
alexz@acjalaw.com
noah@acjalaw.com

Marc E. Dann, Ohio Bar No. 0039425 (Lead Counsel) (*Pro Hac Vice Pending*)
DannLaw
PO Box 6031040
Cleveland, OH 44103
Telephone: (216) 373-0539
Facsimile:  (216) 373-0536
notices@dannlaw.com

*Of Attorneys for Plaintiff Denice Irlene Ward*

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

3.      This Court has supplemental jurisdiction of any related State or Federal law claims for relief in this action under 28 U.S.C. § 1367, 28 U.S.C. § 1367, 28 U.S.C. § 1331 and/or 28 U.S.C. § 1337 based on Plaintiff's claims under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1691, *et seq.*

4.      Pursuant to LR 5010-1(a), Plaintiff's current mailing address is 849 South Oleander Cornelius, Oregon 97113.

5.      Defendant Federal National Mortgage Association is a government sponsored enterprise and a publicly traded company which pursuant to its pooling and servicing servicing agreement is the party to which Plaintiff may assert claims for any violations of the Loan committed by the Trust.

6.      Defendant Nationstar LLC, as registrant for Mr. Cooper, which purchased Seterus LLC is a mortgage servicer with its principal place of business located in Dallas, Texas. For all relevant times herein Nationstar was the servicer of the Loan.

7.      Plaintiff's claim is a core proceeding under 28 U.S.C. § 157(b)(2) and Plaintiff consents to entry of final orders and judgments by the Oregon Bankruptcy Court.

**NATURE OF CLAIMS**

8.      Pursuant to 11 U.S.C. § 105 and this Court's inherent and equitable power, Denice Irlene Ward ("Plaintiff"), by and through counsel, seek an Order from this Court finding Defendant in breach of the settlement agreement, in violation of 11 U.S.C. § 524, § 1301, §105(a), Breach of Contract, Breach of Duty of Good Faith and Fair Dealing, Violations of 12 C.F.R. § 1024.35, et seq. - Real Estate Settlement Procedures Act (RESPA), Violations of 15 U.S.C. §1601, et seq. - Truth in Lending Act (TILA), Violations of 15 U.S.C. §1691, et seq. - Fair Debt Collection Practices Act (FDCPA), and Violations of Oregon Unfair Trade Practices Act.

**SUMMARY OF CLAIMS**

9.      In January 2013, the CFPB issued a number of final rules concerning mortgage markets in the United States, pursuant to the DFA, Public Law No. 111-203, 124 Stat. 1376 (2010).

10.     Mrs. Ward is an "individual" or "consumer" as those terms are defined by federal and state statutes.

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

11.     Mrs. Ward's Loan is a "federally related mortgage loan" as said term is defined by 12 C.F.R. § 1024.2(b).

12.     Mrs. Ward's Loan is a "consumer transaction" as said term is defined by the FDCPA as the Loan was taken out for Mrs. Ward's personal use.

13.     Nationstar Inc. is subject to Regulations X and Z and does not qualify for the exception for "small servicers", as such term is defined in 12 C.F.R. § 1026.41(e)(4), nor the exemption for a "qualified lender", as such term is defined in 12 C.F.R. § 617.700.

14.     Nationstar Inc. is a "debt collector" as that term is defined by the FDCPA.

15.     Nationstar Inc. and Federal National Mortgage Association are a "Creditor" as that term is defined by the Bankruptcy Code.

16.     Mrs. Ward asserts a claim for relief against Nationstar Inc. for breaches of the specific rules under Regulation X as set forth, infra.

17.     Mrs. Ward asserts a claim for relief against Federal National Mortgage Association for breaches of the specific rules under Regulation Z as set forth, infra.

18.     Mrs. Ward asserts a claim for relief against Nationstar Inc. and Federal National Mortgage Association for breaches of orders of the Bankruptcy Court as set forth, infra.

19.     Mrs. Ward asserts a claim for relief against Nationstar Inc. for violations of the Fair Debt Collection Practices Act as set forth, infra.

20.     Mrs. Ward asserts a claim for relief against Nationstar and Federal National Mortgage Association for breaches of the Oregon Unfair Trade Practices Act, as set forth, infra.

21.     Mrs. Ward also asserts claims under common law against the Defendants, jointly and severally as applicable for breach of contract.

## FACTUAL BACKGROUND

### (Prior Litigation with Fannie Mae)

Like many borrowers during the late 2000s and early 2010s Mrs. Ward suffered some economic hardships which compelled her to file a Chapter 13 Bankruptcy to reorganize her debts and save the family home.

22.     Mrs. Ward was a Debtor in Chapter 13 Case No. 12-33720-PCM13filed in the United States Bankruptcy Court for the District of Oregon on May 14, 2012. (the "Bankruptcy case")  Mrs. Ward completed her Chapter 13 Plan and was discharged on September 07, 2016.

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

24.     Since the Chapter 13 was discharged the Mrs. Ward and Fannie Mae were opposing parties in a separate Motion for Contempt brought by Mrs. Ward related to Fannie Mae's inability to properly account for the pre-discharge and post-discharge mortgage payment disbursements.

25.     Mrs. Ward and Fannie Mae reached a settlement on the dispute.  As part of the settlement, Fannie Mae (through its Servicer) was instructed to…"provide Plaintiff in the ordinary course of business, a mortgage statement on November 1, 2018 showing that Plaintiff is current on her mortgage for 849 South Oleander Cornelius, Oregon 97113; she does not owe any delinquent fees, charges, and is current with her payments; and that the escrow account is current, other than for naturally occurring annual increases in taxes and insurance that may have happened since her last escrow statement."

26.     As agreed to and instructed Mrs. Ward tendered the contractual mortgage payment of $1,029.31 monthly to Seterus

27.     Plaintiff did not receive a mortgage statement from Seterus  in either November of 2018 or December of 2019.

28.     In January of 2019 Plaintiff received a mortgage statement from Seterus misstated what she owed and demonstrated that her payments had been misapplied. On Jan. 28, 2019 Plaintiff, through Counsel, demanded Seterus cease collection of erroneous attorney fees it was charging Plaintiff and to provide a conforming mortgage statement.  Seterus agreed to cease collection of the fees but did not provide the conforming mortgage statement.

29.      On February 13, 2019 Plaintiff received a mortgage statement from Seterus that misstated what she owed and demonstrated that her payments had been misapplied. A copy of the February 13, 2019 statement is attached as Exhibit A to this Complaint.

30.     On February 26, 2019 the Plaintiff, through Counsel, received correspondence from Seterus, a copy of which is attached as Exhibit B, in which Seterus explicitly stated that as of February 26, 2019, "the loan is contractually current". *See Exhibit B* at p. 1

31.     On or about March 15, 2019 Plaintiff's Counsel received written notification that Defendant Nationstar had acquired Ward's mortgage loan and that as of March 1, 2019 Nationstar would be the servicer of Ward's mortgage loan.

32.     On March 20, 2019 Plaintiff attempted, over the phone, to obtain information from Defendant Nationstar to allow her to refinance her home.  Plaintiff also reached out to

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

Defendant Nationstar with concerns over how her mortgage was being handled and questions about what was owed. During this call, Defendant Nationstar refused to discuss the loan or the servicing problems with the Plaintiff .

33. On March 22, 2019 Plaintiff received a mortgage statement from Defendant Nationstar that misstated what she owed, stated that she was behind on her loan in the amount of $3,086.08, and demonstrated that her payments had been misapplied. A copy of the March 22, 2019 statement is attached as Exhibit C to this Complaint.

34. On April 12, 2019 Plaintiff received a mortgage statement from Defendant Nationstar that misstated what she owed and demonstrated that her payments had been misapplied. This statement, attached as Exhibit D to this Complaint, noted that the Plaintiff was $4,117.24 delinquent. *See Exhibit D* at p. 1

35. Plaintiff received a mortgage statement dated May 20, 2019 from Defendant Nationstar that misstated what she owed and demonstrated that her payments had been misapplied. This statement, attached as Exhibit E to this Complaint, noted that the Plaintiff was $5,146.55 delinquent. *See Exhibit E* at p. 1

36. Despite being current on her payments, Plaintiff received a letter from Defendant Nationstar dated June 5, 2019 stating that her loan was past due. This letter, attached as Exhibit F to this Complaint, notified Ward that "As of 05/01/2019, your loan is past due". *Exhibit F* at p. 1

37. Plaintiff received a mortgage statement from Defendant, dated June 18, 2019, that misstated what she owed and demonstrated that her payments had been misapplied. This statement, attached as Exhibit G to this Complaint, noted that the Plaintiff was $6,175.86 delinquent. *See Exhibit G* at p. 1

38. During this time Plaintiff was desperately trying to refinance her loan so that she could pay for a new roof before winter and escape from the incompetence of Seterus and Nationstar Her loan officer assisted Plaintiff in trying to obtain the payoff quote but was unsuccessful.

39. Plaintiff sent Defendant Nationstar a letter dated June 26, 2019 demanding a payoff quote pursuant to 12 C.F.R. § 1026.36(c)(3) ("RFI #1"). *A copy of RFI #1 is attached as Exhibit H*

40. . Defendant Nationstar did not provide the payoff quote in response to RFI #1.

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

41.     On July 12, 2019 Plaintiff spoke with a representative of Fannie Mae and Nationstar and neither was able to provide her a payoff quote.

42.     Plaintiff had another conversation with the Fannie Mae on July 20, 2019 and it was still unable to provide a payoff quote nor explain its erroneous accounting.

43.     On July 25, 2019 Plaintiff emailed a demand for a payoff quote within 10 days to Fannie Mae at the email address it provided.  Defendant Fannie Mae did not reply.

44.     Plaintiff's attorneys sent a Notice of Error ("NOE #1") to both Defendants on July 29, 2019 along with another demand for a payoff quote. *A copy of NOE #1 is attached as Exhibit I.*

45.     The payoff quote was not received by Plaintiff until August 19, 2019.

46.     Through counsel, Plaintiff received a history of the loan that does not reflect that Fannie Mae and/or Nationstar have abided by the terms of the prior settlement agreement.

## IMPACT OF DAMAGE UPON DENICE WARD

47.     Based on the allegations above Nationstar and Fannie Mae engaged in a now nine month violation of the settlement agreement from the Bankruptcy case.   Nationstar, Fannie Mae and Mrs. Ward knew based on an agreed settlement what the intention was for all payments tendered since entering into the agreement.

48.     Despite the settlement agreement and the fact that the Plaintiff had tendered all payments due, the Defendants failed to properly apply six months of payments.

49.     Defendants repeatedly refused to disclose a payoff quote to Plaintiff despite its obligations under 12 C.F.R. § 1026.36(c)(3).

50.     Defendants were aware of the difficulty and emotional hardship that this was causing for Plaintiff.  The previous litigation with Defendant had left Plaintiff vulnerable and Defendant's refusal  to allow heraccess to her loan was humiliating.

51.      Defendant's failure to timely respond to the Notice of Error further exacerbated the on-going misapplication of payments and inability of Plaintiff to refinance her mortgage because if Defendant had conducted a reasonable investigation of the detailed payments, Defendant would have discovered that the loan was current and could be paid off.

52.     As a result of the actions of the Defendants as detailed herein, Mrs. Ward has suffered actual economic damages including but not limited to: (1) time spent handling, change in the price she needs to pay for a rush job, a potential change in interest rates, and costs

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

stemming from the delay in her application, as well as the employment of counsel. In addition to the actual economic damages above, the Plaintiff has suffered non-economic damages in a yet to be determined amount related to: (1) The emotional distress from Defendant's refusal to provide a payoff quote or properly apply her payments which has resulted in loss of sleep, anxiety, depression, embarrassment, and other significant emotional distress; and (2) the continued emotional distress driven by the fear that she may have to lose her home if its roof can't be fixed.

## COUNT ONE: AGAINST ALL DEFENDANTS

### [Breach of Contract]

53.     Plaintiff restates and incorporates all of her statements and allegations contained in Paragraphs 1 through 59 in their entirety as if fully rewritten herein.

54.     The Loan is an enforceable contract between the Plaintiff and Federal National Mortgage Association as well as Federal National Mortgage Association's servicers for the relevant times herein, Seterus Inc. (all relevant times through March 1, 2019) which became Nationstar Mortgage (March 1, 2019 to the present).

55.     Based on the allegations herein Plaintiff tendered all required payments to Defendants since November 1, 2018.

56.     Based on the allegations contained herein as well as Exhibits A through H, has failed to properly account for those tendered payments.

57.     Mrs. Ward has performed her obligations as required by the terms of the Loan and the settlement in the Bankruptcy Case.

58.     Based on Paragraphs 1 and 2 of the Deed of Trust, Fannie Mae and Nationstar had an obligation to properly apply all funds when tendered to the balances owed to the interest, principal, escrow, late fees, and then any other corporate advances due on the Loan. Based on the allegations contained herein, *supra*, these funds have not been credited which led to the improper declaration of default of the Loan. Based on Exhibits A through G, Nationstar and/or Fannie Mae has taken funds directly earmarked to go to those loan accounts and applied those funds to other balances due on the loan and/or in an improper manner as required under the Note, Deed of Trust and the Settlement Agreement in the Bankruptcy Case.

59.     Based on the allegations herein the Defendants have each breached the Loan agreement and this breach is one of bad faith as demonstrated by the allegations, *supra*, and

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

Exhibits A through G. Nationstar Inc. has failed to exercise reasonable diligence in the service of the Loan. Both Defendants owe Mrs. Ward a fiduciary duty to handle payments of principal, interest, and escrow properly. Nationstar Inc., on behalf of the Federal National Mortgage Association, has breached its duty by failing to accept and apply payments made in accordance with the terms of the Settlement and the Loan.

60.     Defendants have breached the contract and Plaintiff is entitled to actual damages against all Defendants of at least $6,175.86.

## COUNT TWO: AGAINST ALL DEFENDANTS
### [Breach of Duty of Good Faith and Fair Dealing]

61.     Plaintiff restates and incorporates all of her statements and allegations contained in Paragraphs 1 through 59 in their entirety as if fully rewritten herein.

62.     The Defendants owed Plaintiff a duty of good faith and fair dealing, which is implied in every agreement.

63.     Defendants breached those duties, as described above, and further breached their duties to Plaintiff by, failing to timely acknowledge and accurately review all of the paperwork sent in by Plaintiffs, and/or by improperly denying Plaintiff's repeated requests for a payoff quote.

64.     As the direct and proximate result of Defendants' breaches, Plaintiff has incurred damages in an amount of to be determined.. The Plaintiff also claims her right to attorney fees and costs pursuant to the deed of trust and ORS 20.096.

## COUNT THREE: AGAINST FEDERAL NATIONAL MORTGAGE ASSOCIATION
### [Violation of 11 U.S.C. 105 - Violation of Court Order on Settlement]
### [Violation of 11 U.S.C. 105 - Violation of Fed. Bank. R. 3002.1]
### [Violation of 11 U.S.C 541(i) – Failure to Properly Credit Payments Made Under a Chapter 13 Plan]

65.     Plaintiff restates all allegations contained in Paragraphs 1 through 59 with the same force and effect as though fully set forth herein.

66.     Based on the allegations above both of the Defendants were an active participant in the Mrs. Ward's Bankruptcy.

67.     Despite the existence of a Settlement Agreement entered into with the Bankruptcy Court for violations of the Court's Orders related to Fed. Bankr. R. 3002.1 and 11 U.S.C. 541(i),

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

Fannie Mae's loan servicers – Seterus and now Nationstar - have willfully mishandled the contractual mortgage payments after the discharge order of this court for over three years.

68.     Fannie Mae and Nationstar's above-described actions are deliberate and are intentional adverse acts done with respect to the Plaintiff's Mortgage Loan and Plaintiffs' credit reports.

69.     Fannie Mae and Nationstar's policies and procedures show a complete and reckless disregard toward the Orders of the Bankruptcy Court. The actions of Federal National Mortgage Association and Nationstar Inc. as demonstrated by Exhibits A through G have caused material injuries to the Plaintiff and have caused the Plaintiff lost time, undue hardship, stress, and damage to her credit.

70.     The actions of Fannie Mae and Nationstar as demonstrated by Exhibits A through G indicate a systemic problem within Federal National Mortgage Association and Nationstar Inc. concerning how it processes Orders of the Bankruptcy Court and handles the accounting of mortgage loans.

71.     As a result of the Defendants' actions, Fannie Mae and Nationstar are each liable to the Plaintiff for actual damages in a total amount to be determined at trial, attorneys' fees and costs, and a finding of punitive damages under 11 U.S.C. § 105 in an amount this Court deems just and proper.

## COUNT FOUR: AGAINST NATIONSTAR
### [Failure to Properly Acknowledge a Notice of Error in Violation of 12 C.F.R. § 1024.35 and Failure to Respond to a Notice of Error in Violation of 12 C.F.R. § 1024.35]

72.     Plaintiff restates all allegations contained in Paragraphs 1 through 59 as if fully restated herein.

73.     12 C.F.R. § 1024.35(a) provides "[a] servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred."

74.     12 C.F.R. § 1024.35(d) provides that a servicer must acknowledge in writing receiving a notice of error from a borrower within five days of receipt.

75.     12 C.F.R. § 1024.35(a) provides "[a] servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred."

76. Comment 1 of the CFPB's Official Interpretations of 12 C.F.R. §1024.35(a) provides that "[a] notice of error is submitted by a borrower if the notice of error is submitted by an agent of the borrower."

77. 12 C.F.R. §1024.35(e)(1) provides that a servicer must respond to a notice of error by either correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance" or by conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance."

78. As stated above, *supra*, Plaintiff sent Nationstar Inc. a Notice of Error July 26, 2019 to Nationstar Inc.'s designated address for such. *See Exhibit I.*

79. Exhibit I contained substantive allegations of errors in violation of 12 C.F.R. 1024.35(b)(2) and/or 12 C.F.R. 1024.35(b)(11) as well as errors in violation of 12 C.F.R. 1024.35(b)(5). *See Exhibit I.*

80. Exhibit I contained substantive allegations of errors in violation of 12 C.F.R. 1024.35(b)(11). *See Exhibit I.*

81. Based on the allegations herein Plaintiff made at least three requests to Nationstar, the last as part of the Notice of Error, and did not receive a response within seven business days.

82. Nationstar has committed at least three (3) willful violations of Regulation X.

83. Based on the allegations herein, the actions of Nationstar are part of a pattern and practice of behavior in conscious disregard for Plaintiff's rights.

84. As a result of such actions, Nationstar is liable to Plaintiff for actual damages as described, *supra*, as well as for statutory damages per violation, costs, and attorneys' fees.

## COUNT FIVE: AGAINST FANNIE MAE
### Violation of 12 C.F.R. §1026.41
### [Violation of TILA - failure to send correct periodic billing statements]

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

85. Plaintiff restates and incorporates all of her statements and allegations contained in paragraphs 1 through 59 in their entirety, as if fully rewritten herein.

86. 12 C.F.R. §1026.41(a) requires that a servicer must provide the consumer a periodic statement meeting the requirements of 12 C.F.R. §1026.41 for each billing cycle of the transaction.

87. 12 C.F.R. §1026.41(d) provides that the required periodic billing statements shall include information including the amount due, an explanation of the amount due, delinquency information, and account information including the current outstanding principal balance and interest rate.

88. Plaintiff is a consumer as that term is defined by TILA.

89. From November 1, 2018 through December 31, 2018, Fannie Mae, through its servicer, failed to send a periodic billing statement to be sent to Plaintiff. This is two (2) months of missing statements.

90. Despite the failure of Fannie Mae through its servicer(s) to send the November 2018 and December 2018 statements, Fannie Mae through its servicers Seterus and Nationstar sent periodic billing statements from January 2019 to the present. *See Exhibits A, C, D, E, G generally*.

91. Fannie Mae should have known that it was obligated to provide a periodic billing statement for November of 2018 and December of 2018 both because it is mandated by Regulation z to TILA but also because it was required bythe settlement agreement.

101. In addition to failing to send the statements for November 2018 and December 2018 based on the allegations herein and Exhibits A, C, D, E and G, Fannie Mae through its servicers have sent nine (9) statements which contain inaccurate information including but not limited to (1) the amount past due; (2) unapplied partial payments and (3) Interest Bearing Principal Balance. *See Exhibits A, C, D, E, and G* generally.

102. The knowing failure to transmit accurate and truthful information through the periodic billing statements wholly defeated the purpose of such statements, that is, to properly provide accurate disclosures to the Plaintiff as to their obligations on the Loan.

103. Based on the allegations above each of these violations herein caused the Plaintiff to be harmed by never knowing what the correct balance of the loan was as well as by suffering

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

continued concern that her payments were not being applied properly. Fannie Mae's actions, as done by their servicers described herein, demonstrate a pattern and practice in conscious disregard of Plaintiff's rights.

104.    As a result of the above violations described herein, Fannie Mae is liable to the Plaintiff for statutory damages of at least $400.00 but not to exceed $4,000.00 for each of the ten (10) separate violations, actual damages of at least $6,175.86, and reasonable attorneys' fees and costs.

### COUNT SIX: AGAINST NATIONSTAR
#### Violation of 15 U.S.C. §1692k
#### [Violation of the Fair Debt Collection Practices Act]

105.    Plaintiff restates and incorporates all of her statements and allegations contained in paragraphs 1 through 59 in their entirety, as if fully rewritten herein.

106.    Based on the allegations herein and Exhibits C through G,  Nationstar, Inc. acted at all times in the servicing of this loan as a debt collector as it began servicing this loan at a time when it was in default.

107.    Plaintiff is a consumer as that term is defined by the FDCPA.

108.    The Loan is a consumer debt as that term is defined by the FDCPA because the Loan was incurred for household purposes--namely the financing of a deed of trust on the Plaintiff's residence.

109.    Based on the allegations contained herein, *supra*, each of the six (6) statements sent by Nationstar (either as Nationstar or Seterus) contain a misrepresentation of the character, amount and legal status of the loan. Nationstar (either as Nationstar or Seterus) represented to Plaintiff in each of these statements that she owed sums on the loan which were not in fact true. *See Exhibits A through G*

110.    Nationstar sent Plaintiff a letter misrepresenting that her loan was past due and states that Nationstar is a debt collector attempting to collect a debt.  *See Exhibit F*

111.    Based on the fact that Nationstar took over servicing of the loan from Seterus Inc. after the settlement agreement had been entered into by the parties Nationstar knew or should have known, of the Settlement in the Bankruptcy Case. Nationstar violated 15 U.S.C. §1692(f) by sending each statement like Exhibits A, C, D, E, and G because its conduct as outlined herein constitutes an unconscionable means to collect or to attempt to collect a debt.

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

117.    Plaintiff was damaged by the above actions as described *supra*.

118.    Nationstar has violated the FDCPA and is liable to Plaintiff for an award of statutory damages, actual damages, and legal fees pursuant to 15 U.S.C. §1692k(a).

**COUNT SEVEN: ALL DEFENDANTS**
**(Violation of the Oregon Unfair Trade Practices Act)**

119.    Plaintiff restates and reincorporates the allegations contained in Paragraphs 1 through 50 as if set forth in full herein.

120.    The Defendants, acting within the course of their business, did within the State of Oregon sell or offer to sell services that are covered by ORS § 646.605 and ORS § 646.608 and the services were primarily used for personal, family or household purposes. Specifically Seterus and Nationstar, Inc., on behalf of Federal National Mortgage Association, held themselves out as the servicers of the Deed of Trust which involved the "Loan" as that term is defined by ORS § 646.605

121.    Based on the allegations above, *supra*, and more specifically described in Paragraphs 1 through 59 the Defendants, as applicable, did willfully and/or negligently engage in conduct in violation of ORS § 646.608(1)(u) and (4), and OAR 137-020-0805(3) and (6). The Plaintiff has suffered an ascertainable loss as a result of the unfair trade practice of at least $6,175.86.

122.    More specifically Defendants Nationstar and Fannie Mae have failed to deal with Plaintiff in good faith following the settlement in the Bankruptcy.  As demonstrated by Exhibits A-I and the allegations herein, *supra*, Nationstar and Fannie Mae have repeatedly engaged in a pattern of misapplying the tendered payments by Plaintiff since November 2018.

123.    At all material times each of the Defendants acted knowingly, willfully, maliciously, and with a reckless and outrageous indifference to a highly unreasonable risk of harm and a conscious indifference to the health, safety, and welfare of Plaintiff.

124.    Plaintiff is therefore entitled to the greater of: actual in an amount to be determined plus punitive damages of $500,000.00 together with their attorney's fees and costs pursuant to the statute and pursuant to the Note and Deed of Trust, and expenses and any equitable relief the court considers necessary or proper, or $200 pursuant to ORS § 646.638(1).

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff Denice Ward prays for relief as follows on her claim against

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

Defendants Federal National Mortgage Association and Nationstar LLC

A. On her First Claim for Relief for Plaintiff's actual damages of at least $6,175.86 and in an amount to be determined at trial against the Defendants, jointly and severally, as applicable;

B. On her Second Claim for Relief for Plaintiff's actual damages of at least $6,175.86, and in an amount to be determined at trial against Defendants, jointly and severally, as applicable;

C. On her Third Claim for Relief, all actual damages in an amount to be determined at trial, all punitive damages in an amount to be determined at trial plus Plaintiff's Attorneys' Fees and Costs pursuant to 11 U.S.C. § 105 against Defendants Nationstar, Inc. and Federal National Mortgage Association, jointly and severally, as applicable;

D. On her Fourth Claim for Relief, all actual damages of at least $6,175.86 and in an amount to be determined at trial, statutory damages of Two Thousand Dollars ($2,000.00) for each violation contained within the Fourth Claim of Relief plus Plaintiff's Attorneys' Fees and Costs against Defendant Nationstar Inc.

E. For her Fifth Claim for Relief, all actual damages in an amount to be determined at trial, all statutory damages of at least Four Hundred Dollars ($400.00) but not to exceed Four Thousand Dollars ($4,000.00) for each of the ten (10) violations contained therein, *supra*, plus Plaintiff's Attorneys' Fees and Costs against Defendant Federal National Mortgage Association;

F. For their Sixth Claim for Relief, all actual damages in an amount to be determined at trial, all statutory damages of One Thousand Dollars ($1,000.00) per violation plus Plaintiff's Attorneys Fees and Costs against Defendant Nationstar, Inc.;

G. For their Seventh Claim for Relief, the greater of actual damages of at least $6,175.86 in an amount to be determined at trial, plus punitive damages of $500,000.00 together with the Plaintiff's Attorneys' Fees and Costs pursuant to Statute and pursuant to the Note and Deed of Trust and expenses and any equitable relief this Court considers necessary or proper, OR $200.00 pursuant to ORS § 646.638(1) against the Defendants, jointly and severally, as applicable;

H. On all Plaintiff's Claims for Relief for their attorneys' fees and all costs pursuant to the Deed of Trust and ORS § 20.096;

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

Case 19-03107-tmb    Doc 1    Filed 10/10/19

I.   On all Plaintiff's Claims for Relief for their costs and disbursements incurred herein; and

J.   Any other relief this Court deems equitable and just.

DATED: This 10th Day of October, 2019

Respectfully submitted,

/s/Alexzander C.J. Adams
Alexzander C.J. Adams, OSB Bar No. 082441
/s/ Noah Bishop
Noah C. Bishop, OSB Bar No. 092871
**Law Offices of Alexzander C. J. Adams, P.C.**
14705 SW Millikan Way
Beaverton, OR 97006
Telephone: (503) 278-5400
Facsimile:  (888) 588-5410
alexz@acjalaw.com
noah@acjalaw.com

Marc E. Dann, Ohio Bar No. 0039425 (Lead Counsel) (*Pro Hac Vice Pending*)
DannLaw
PO Box 6031040
Cleveland, OH 44103
Telephone: (216) 373-0539
Facsimile:  (216) 373-0536
notices@dannlaw.com

*Of Attorneys for Plaintiff Denice Irlene Ward*

**Page 16 of 18**   –   **Complaint for Violation of 11 U.S.C. § 542 et al.**
**Bankruptcy Case No. 12-33720-pcm13**

Law Offices of Alexzander C.J. Adams, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax: (888) 588-5410
Office: (503) 278-5400

Case 19-03107-tmb    Doc 1    Filed 10/10/19

# seterus™

PO Box 1077, Hartford, CT 06143-1077

████████████████████████████

lᵢllᵢlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱllⁱll



DENICE I WARD
849 S OLEANDER ST
CORNELIUS OR 97113-6248

## Account Statement

**Statement Date** February 13, 2019

**Account Number** ████████████

☎ Phone 866.570.5277

✉ Email ExternalCommunications@seterus.com
*Response typically sent by U.S. Mail*

| | |
|---|---|
| **Payment Due Date** | March 1, 2019 |
| **Amount Due[3]** | **$  -1.85** |

If payment is received after March 16, 2019, a $37.58 late fee will be charged.

| | | |
|---|---|---|
| Outstanding Principal* | $ | 115,063.51 |
| Current Escrow Balance | $ | 842.80 |
| Maturity Date | | April 01, 2040 |
| Interest Rate | | 5.25000% |
| Prepayment Penalty[1] | | No |

*This is not a payoff amount and does not include interest, fees, and other costs. This amount includes any deferred principal that is due at maturity of the loan.

Property Address     849 S OLEANDER ST
                     CORNELIUS OR 97113 6248

## Past Payment Breakdown

| | Paid Since Last Statement | | Paid Year-to-date | |
|---|---|---|---|---|
| Principal | $ | 3,800.81 | $ | 258.12 |
| Interest | $ | 10,489.74 | $ | 504.53 |
| Escrow | $ | 5,292.62 | $ | 277.76 |
| Charges | $ | 0.00 | $ | 0.00 |
| Suspense (unapplied)[4] | $ | 1,023.76 | | |
| **Total** | $ | **20,606.93** | $ | **1,040.41** |

## Explanation of Amount Due

| | | |
|---|---|---|
| Principal[2] | $ | 248.15 |
| Interest[2] | $ | 503.40 |
| Escrow (Taxes and Insurance) | $ | 277.76 |
| **Regular Payment** | $ | **1,029.31** |
| Past Due Payment(s) | $ | 0.00 |
| Total Charges | $ | 0.00 |
| Suspense (credit)[4] | $ | 1,031.16 |
| **Total Amount Due[3]** | $ | **-1.85** |

[1]Seterus does not currently charge a prepayment penalty.

[2]**The principal and interest payment stated on this notice is based on the information we have at the time this notice was generated. While the allocation of principal and interest may change, your total principal and interest payment will remain the same.**

[3]This is not a payoff or reinstatement amount; it is the Total Amount Due as of the date of the statement. The amounts stated above may increase due to future installments that become due and/or fees that may be assessed. If you need a formal payoff amount, please contact us.

[4]Partial payments are held in a suspense account. See enclosed Partial Payment Information insert for more information.

Manage your mortgage electronically and eliminate checks, postage, and paper statements - with AutoPay and Paperless Document Delivery. With AutoPay, you never have to worry about missed payments or late charges. Simply go to www.seterus.com/autopay and sign up, or fill out and return the AutoPay form on the back of the payment coupon. Stop the endless search for paper statements by choosing Paperless Document Delivery. View up to 12 months of mortgage statements online any time and do something good for the environment. Enroll today at www.seterus.com/gopaperless.

## Activity Since Last Statement

| Date | Description | Principal | Interest | Escrow | Late Charge/ Other Fees | Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|
| December 5, 2018 | Loan Payment | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1031.16 | $1031.16 |
| December 6, 2018 | Loan Payment | $245.94 | $505.61 | $277.76 | $0.00 | $0.00 | -$1029.31 | $0.00 |
| December 31, 2018 | Interest on Escrow | $0.00 | $0.00 | $3.34 | $0.00 | $0.00 | $0.00 | $3.34 |
| January 9, 2019 | Loan Payment | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1031.16 | $1031.16 |
| January 10, 2019 | Loan Payment | $247.02 | $504.53 | $277.76 | $0.00 | $0.00 | -$1029.31 | $0.00 |
| January 29, 2019 | Ins Disbursement | $0.00 | $0.00 | -$623.21 | $0.00 | $0.00 | $0.00 | -$623.21 |

ADDITIONAL TRANSACTIONS AND ACTIVITY CONTINUE ON PAGE 2

## Important Messages

To continue efforts to reduce our environmental footprint, we are changing our billing process to send only one statement per month. This statement reflects any payments posted as of the date this statement was printed. To confirm the most recent status of your loan and any payments posted after this statement was printed, please log on to your account at www.seterus.com.

*All year-end tax statements for loans not enrolled in paperless document delivery were mailed by January 31, 2019. You can also view them online in your secure account on www.seterus.com (Document Center).*

*Detach this portion and return with your check made payable to Seterus, Inc. Please write your loan number on your check.*

# seterus™

DENICE I WARD

Loan #: ████████████

Seterus, Inc.
PO Box 54420
Los Angeles, CA 90054-0420

lᵢllᵢlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱlⁱllⁱl

## Payment Coupon

☐ Check this box if you provided information on the reverse side.

| Amount Due | | |
|---|---|---|
| Payment Due Date | | March 1, 2019 |
| **TOTAL AMOUNT DUE** | $ | **-1.85** |
| Payment After March 16, 2019 | $ | 35.73 |
| | | (Includes Late Charge) |

**Total Enclosed** $ ☐☐☐☐☐☐☐.☐☐

████████████████████████

Case 19-03107-tmb    Doc 1    Filed 10/10/19

Exhibit A Page 1 of 4

Automated loan information is available 24 hours a day by calling our customer service number or visiting us online.
Customer Service Representatives are available Monday - Friday 8 a.m. to 5 p.m. (U.S. Continental Local Time).
Include your loan number on all correspondence and payments.

☎ Phone: 866.570.5277          ☎ Fax: 866.578.5277          💻 Online: www.seterus.com

| | |
|---|---|
| **Bankruptcy Notices** | Seterus, Inc. • Attn: Bankruptcy Department • PO Box 1047 • Hartford, CT 06143-1047 |
| **Correspondence** | Seterus, Inc. • PO Box 1077 • Hartford, CT 06143-1077 |
| **Insurance Information** | NGLS Insurance Services, Inc. • PO Box 961299 • Fort Worth, TX 76161-0299 • 866.745.9798 |
| **Overnight Payments** | Seterus, Inc. (Box 54420) • 20500 Belshaw Avenue • Carson, CA 90746 |
| **Tax Information** | LERETA, LLC • PO Box 1499 • Covina, CA 91722 • 866.384.6919 |

**PROMPT CREDITING OF PAYMENTS:** Write your loan number on your check or money order, and mail it with the payment coupon at the bottom of this statement. Avoid late charges by sending the correct payment amount on or before the due date using a check or money order. Payments received by mail in any other form may delay processing. The date on a check, money order or postmark is not considered the date received. We do not accept cash or post-dated checks. For your convenience, you can make your payment anytime at www.seterus.com.

**PAYOFF INFORMATION:** Request a payoff quote by calling our automated phone system at 866.570.5277 and following the prompts. Payoff quotes may also be obtained by faxing a request to 866.578.5277. Include your signature and authorization to release information to a third party, if applicable.

**PAYMENT DIFFICULTY:** If you are having difficulty making your payments, you may qualify for a temporary or permanent solution to help get your mortgage back on track. If you want to stay in your home, there are several options available such as a Loan Modification, Repayment Plan, or Forbearance Agreement. If you have decided that homeownership is no longer for you, we may be able to assist you with a Short Sale or Mortgage Release™. You can find answers to frequently asked questions and submit the required documentation on our website at www.seterus.com.

**HUD COUNSELORS:** For information on HUD Counselors in your area, visit www.hud.gov or call 800.569.4287.

**REAL ESTATE TAXES:** If your real estate taxes are included in your escrow account, forward copies of all delinquent, adjusted, corrected, or interim bills to LERETA, LLC. If you qualify for a state tax exemption, we cannot file it on your behalf. Your scheduled payment cannot be adjusted until we receive written verification of the exemption and the next adjusted bill amount from the taxing authority.

**INSURANCE:** If your insurance premium is included in your escrow account, forward copies of all policies and bills to NGLS Insurance Services. If you obtain a new hazard or flood policy, you must have your agent send us a copy at least 30 days before your existing policy expires. The mortgagee loss payee clause on all policies must read "Seterus, Inc., its Successors, and/or Assigns." Unless you provide us with a copy of any new policies, we may obtain insurance on your behalf and bill you accordingly. This coverage may be different and more expensive than coverage available in the standard insurance market and does not cover personal property.

**ONLINE RESOURCES.** Activate your online account today at www.seterus.com, and access up-to-date loan information anytime. Make a payment, find answers to frequently asked questions, or upload documents. We'll also post important messages to your secure inbox. You can even access our website from your mobile phone or tablet.

**INTEREST ONLY LOANS:** Amounts paid to principal may decrease the interest amount due in subsequent installments.

**SPECIAL REQUEST FEES:** Seterus generally charges the following fees for additional, special services. The actual fee charged may be different if there are limitations imposed by applicable law. Fees are subject to change without notice. Fees for other special services will be quoted upon request.

| | |
|---|---|
| ARM Conversion | up to $350.00 |
| CEMA/NY Refinance | $350.00 |
| Partial Release of Property | $250.00 |
| Returned Check Charge | $25.00 |
| Speedpay® Web Payment | $5.00 |
| Speedpay Phone Payment | $10.00 |

**AUTOPAY.** Sign up for AutoPay and never worry about missed payments or late fees again. Complete the form below to authorize us to automatically debit your future mortgage payments from the account you used to make this payment. We will send you the AutoPay terms and conditions that you must sign and return to activate your automatic payments. Or simply go to www.seterus.com/autopay to enroll online.

**PAPERLESS DOCUMENT DELIVERY.** Receive up to 12 months of mortgage statements electronically when you sign up for paperless document delivery. It's a simple, convenient, and secure way to manage your mortgage documents. Enroll today at www.seterus.com/gopaperless.

**CREDIT BUREAU INFORMATION:** If you believe your payment history has been reported to a consumer reporting agency inaccurately, write to our Customer Service Department at PO Box 1077, Hartford, CT 06143-1077 or contact the consumer reporting agency directly.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT. THIS NOTICE IS BEING FURNISHED FOR YOUR INFORMATION AND TO COMPLY WITH APPLICABLE LAWS AND REGULATIONS. IF YOU RECEIVE OR HAVE RECEIVED A DISCHARGE OF THIS DEBT THAT IS NOT REAFFIRMED IN A BANKRUPTCY PROCEEDING, YOU WILL NOT BE PERSONALLY RESPONSIBLE FOR THE DEBT. CALIFORNIA: AS REQUIRED BY LAW, YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT REFLECTING ON YOUR CREDIT RECORD MAY BE SUBMITTED TO A CREDIT REPORTING AGENCY IF YOU FAIL TO FULFILL THE TERMS OF YOUR CREDIT OBLIGATIONS. BUT, WE WILL NOT SUBMIT A NEGATIVE CREDIT REPORT TO A CREDIT REPORTING AGENCY ABOUT THIS OBLIGATION UNTIL THE EXPIRATION OF ANY TIME PERIOD DESCRIBED. COLORADO: Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 250, Lakewood, CO 80228, 888.738.5576. NEW YORK CITY: 1411662, 1411665, 1411669. NEW YORK: State law requires we disclose to you that Seterus, Inc. is licensed in the State of New York. Complaints regarding Seterus, Inc. can be directed to the New York State Banking Department. You may obtain further information from the New York State Banking Department by calling the Department's Consumer Help Unit at 877.BANK.NYS (877.226.5697) or by visiting the Department's website at www.banking.state.ny.us. If you have questions, please contact Customer Service toll-free at 866.570.5277 or in writing at PO Box 1077, Hartford, CT 06143-1077. OREGON: Residential mortgage loan servicers are regulated by the Oregon Division of Financial Regulation. To file a complaint, call 866.814.9710 or visit http://dfr.oregon.gov. TEXAS COLLATERAL ONLY: COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877.276.5550. A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

L718AN.1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**CHANGE OF INFORMATION:** Complete the form below, mark the box on the front of this payment coupon, and return it with your payment.

Address change is for:     Borrower ☐          Co-Borrower ☐     Statements are mailed to the primary borrower's mailing address.

Mailing Address: _____
                           Street Address                              City                                   State              Zip

Phone Number Home ( ___ ) _____ Work 1 ( ___ ) _____ Work 2 ( ___ ) _____

Borrower Signature: _____ Co-Borrower Signature: _____

**AUTOMATIC PAYMENTS.** AutoPay terms and conditions will be mailed to you that you must sign and return to activate your automatic payments.

Use account information from this payment ☐     Day of each month to debit your payment* _____

> \* Bi-weekly loans will be drafted on the due dates. For other loans, the debit date must be between the due date and the end of your grace period. For example, payments due on the 1st with a 15-day grace period must select a day between 1 and 15.

If you would like to use a different bank account, fill out the information below.     Checking ☐          Savings ☐

Financial Institution _____ Bank Account Number _____

ABA Routing Number _____ Optional Additional Principal Addition to regular payment _____

# seterus™

PO Box 1077, Hartford, CT 06143-1077

Statement Date      February 13, 2019
Account Number

| 🖥️ Online | www.seterus.com |
| ☎ Phone | 866.570.5277 |
| ☎ Fax | 866.578.5277 |

🖥️ Email     ExternalCommunications@seterus.com
*Response typically sent by U.S. Mail*

**Borrower Information**
Phone - Work     503-807-6382
Property Address     849 S OLEANDER ST
                       CORNELIUS OR 97113 6248

## Activity Since Last Statement — continued from Page 1

| Date | Description | Principal | Interest | Escrow | Late Charge/ Other Fees | Other | Suspense | Total |
|------|-------------|----------|----------|--------|------------------------|-------|----------|-------|
| February 13, 2019 | Loan Payment | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1031.16 | $1031.16 |
| February 13, 2019 | Principal Reduction | $11.10 | $0.00 | $0.00 | $0.00 | $0.00 | -$11.10 | $0.00 |

# seterus™

## EXPLANATION FOR HOLDING FUNDS IN A SUSPENSE ACCOUNT

We have received funds in excess of your installment amount. When we receive excess funds, we hold the funds in a special account, and they are said to be "in suspense."

Based on the status of your loan, there are several ways in which we may apply the additional funds being held in suspense. Below is a list of possible scenarios, and we invite you to contact us to determine what scenario is applicable to your loan account and to discuss how the funds will be applied and/or handled:

- If the current installment has been paid and you do not have a prepayment plan in place, we will apply funds to any open fees and charges, and the remainder will be applied to reduce the principal. NOTE: If you would like to be able to prepay on your mortgage loan, contact us to set up a prepayment plan to ensure that we apply your payments as you intend.
- *If you are delinquent,* we cannot apply a partial payment (money received that totals less than the full amount due) toward a scheduled payment under the terms of your mortgage. We will therefore hold these partial funds in suspense until we receive sufficient funds to close out a complete installment.
- If you previously provided contribution funds to temporarily hold the foreclosure process, these contribution funds will remain in suspense while the loan is in foreclosure. If you are on a Trial Period Plan, as we receive funds, they are applied to your suspense account until sufficient funds have been received to satisfy the oldest open installment.
- If you sent funds intending to pay off your mortgage loan but did not send the full payoff amount needed to do so, we will hold these funds in suspense until you send in the remaining balance of the "good-through date" amount stated on your payoff quote. Once the complete payoff amount is received, we will apply those funds to pay your loan in full. If the good-through date has passed, you must contact us to request a new payoff quote, and send us the new remaining balance before we can apply the payment to your mortgage loan.
- If we are processing a refund to you or to your prior servicer from the suspense account, funds will be removed from suspense once the refund check is processed.
- If we are waiting for a signed settlement agreement or a bankruptcy court approval on a settlement, we will hold the funds in suspense until we receive the required documentation. Upon receipt, we will apply the funds in suspense to the loan as required by the settlement agreement and/or court document. If we do not receive the documents by their due dates, and if there are enough funds in *suspense* to make a full scheduled payment under the terms of the existing mortgage, we will apply them to the next payment when due. If the funds would result in a partial payment, we will hold them in suspense until we receive the balance required to make the payment.
- If we are waiting for a signed Hardest Hit Fund® agreement, we will hold the funds in suspense until we receive it. If we receive the agreement by the due date, we will apply the funds in suspense to your loan per the agreement. If we do not receive the agreement by the due date, we may return the Hardest Hit Fund assistance to the state.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT. THIS NOTICE IS BEING FURNISHED FOR YOUR INFORMATION AND TO COMPLY WITH APPLICABLE LAWS AND REGULATIONS. IF YOU RECEIVE OR HAVE RECEIVED A DISCHARGE OF THIS DEBT THAT IS NOT REAFFIRMED IN A BANKRUPTCY PROCEEDING, YOU WILL NOT BE PERSONALLY RESPONSIBLE FOR THE DEBT. **COLORADO:** Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 250, Lakewood, CO 80228, 888.738.5576. **NEW YORK CITY:** 1411662, 1411665, 1411669. **OREGON:** Residential mortgage loan servicers are regulated by the Oregon Division of Financial Regulation. To file a complaint, call 866.814.9710 or visit http://dfr.oregon.gov. **TEXAS COLLATERAL ONLY:** COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877.276.5550. A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov. I120G

under California and federal law.

**For Vermont Residents Only** — If you live in Vermont, we will not share your personal information with nonaffiliates, except for our everyday business and marketing purposes. Also, we will not share information about your credit worthiness with affiliates unless you agree to such sharing. **Vermont residents do not have to contact us to implement these limits on our sharing.** We may share information about your transactions and experiences with affiliates for their everyday business purposes and to market to you, but you can stop them from using the information in marketing by checking the box marked "Do not allow your affiliates to use my personal information to market to me," on the Mail-in Form above.

769-4308-1018F



PO Box 1077, Hartford, CT 06143-1077

**Business Hours (U.S. Continental Local Time)**
Monday-Friday 8 a.m. to 5 p.m.

**Physical Address**
14523 SW Millikan Way, Suite 200, Beaverton, OR 97005

**Payments**
PO Box 54420, Los Angeles, CA 90054-0420

**Correspondence, Inquiries, and Notices**
PO Box 1077, Hartford, CT 06143-1077

Phone: 866.570.5277
Fax: 866.578.5277
www.seterus.com

*L400N*
Alexzander C.J. Adams, P.C.
Attn: Noah Bishop
14705 Southwest Millikan Way
Beaverton, OR 97006

February 26, 2019
Borrower: Denice I. Ward

Dear Noah Bishop:

On behalf of Seterus, Inc., I am responding to your correspondence received on February 12, 2019 regarding the above-referenced borrower.

Please accept this letter as confirmation that this account has been updated to reflect that all correspondence should be sent to your offices.

Enclosed for your reference is a copy of the Prior Servicer Payment History from dates, which was provided by CitiMortgage at the time of this loan's transfer. Additionally enclosed is a copy of the Seterus Payment History prior to March 1, 2015. Finally, enclosed is a copy of the Customer Account Activity Statement from March 1, 2015 to the date of this letter. These payment histories detail the dates that funds were received and how the funds were applied.

In an effort to assist your client, we are in the process of generating a Payoff Conditions for this loan to detail the funds required to satisfy this loan in full. This documentation will be sent under separate cover to the address of record. As of the date of this letter, there are outstanding fees assessed to this account.

The following is additional information about your loan as of the date of this letter:

- Current Balance Due $0.00
- Current Unpaid Principal Balance $114,813.51
- Escrow Balance $1,120.56

The loan is contractually current.

The owner of the loan is Fannie Mae (Federal National Mortgage Association), 3900 Wisconsin Avenue NW, Washington, DC 20016-2892. Fannie Mae has contracted with Seterus to service and respond to inquiries about this loan. As a result, inquiries may be directed to Seterus at the Correspondence, Inquires, and Notices address listed above. In addition, you may contact Cindy Branson with questions or disputes by telephone at 866.570.5277.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT. THIS NOTICE IS BEING FURNISHED FOR YOUR INFORMATION AND TO COMPLY WITH APPLICABLE LAWS AND REGULATIONS. IF YOU RECEIVE OR HAVE RECEIVED A DISCHARGE OF THIS DEBT THAT IS NOT REAFFIRMED IN A BANKRUPTCY PROCEEDING, YOU WILL NOT BE PERSONALLY RESPONSIBLE FOR THE DEBT. SEE IMPORTANT DISCLOSURES IN THIS LETTER.

Page 1 of 2

Exhibit B
Page 1 of 1



**mr. cooper**
CHANGING THE FACE OF HOME LOANS

8950 Cypress Waters Blvd.
Coppell, TX 75019

**CONTACT INFORMATION**
Customer Service: 877-343-5602
Monday – Friday: 8 a.m. – 5 p.m. CT
www.mrcooper.com

| Statement Date: | 03/22/2019 |
|---|---|
| Loan Number: | |
| Payment Due Date: | 04/01/2019 |
| **Total Payment Amount:** | **$3,086.08** |

Property Address:
849 S OLEANDER ST
CORNELIUS, OR 97113

Our records show that you are a debtor in bankruptcy. We are sending this statement to you for informational and communication purposes only. It is not an attempt to collect a debt against you.
If you want to stop receiving these statements, please contact us in writing at the address on the following page.

DENICE I WARD
849 S OLEANDER ST
CORNELIUS, OR 97113

## Account Information

| | |
|---|---|
| Interest Bearing Principal Balance | $114,813.51 |
| Interest Rate | 5.250% |
| Escrow Balance | $1,120.56 |

The Principal Balance does not represent the amount to payoff the account and is not to be used for payoff purposes.

## Explanation of Total Payable Amount

| | |
|---|---|
| Principal | $249.24 |
| Interest | $502.31 |
| Escrow Amount (for Taxes and Insurance) | $277.76 |
| **Regular Monthly Payment** | **$1,029.31** |
| Total Fees and Charges | $0.00 |
| Past Unpaid amount | $3,087.93 |
| Partial Payment (Unapplied) | $1,031.16 |
| **Total Payment Amount** | **$3,086.08** |

## Past Payments Breakdown

| | Payments Rec'd Since 02/23/2019 | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes & Insurance) | $0.00 | $0.00 |
| Fees and Charges | $0.00 | $0.00 |
| Lender Paid Expenses | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $1,031.16 | $1,031.16 |
| **Total** | **$1,031.16** | **$1,031.16** |

## Transaction Activity (02/23/2019 to 03/22/2019)

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 03/13/2019 | Partial Payment | $1,031.16 | | | | $1,031.16 |
| 03/01/2019 | Adjustment-Escrow | $1,120.56 | | | $1,120.56 | |
| 03/01/2019 | New Loan | $114,813.51 | $114,813.51 | | | |

## Important Messages
(See Reverse side for Additional Critical Notices)

*Partial Payment (Unapplied) refers to a payment less than your full monthly mortgage loan payment due that was received on your account. These funds are applied to, and held in, a separate non-interest bearing account until the remaining funds are received to make a full monthly mortgage loan payment. In order to apply these funds to the mortgage loan you are required to send us the additional funds sufficient to equal a full monthly mortgage loan payment. The Partial Payment (Unapplied) balance represents the amount of funds being held in a non-interest bearing account as of the date of this statement.*

*We at Mr.Cooper would like to welcome you and take this opportunity to Thank You for allowing Mr. Cooper to serve your mortgage needs. You will receive this billing statement every month before each scheduled due date during the pending bankruptcy matter. Be sure to check the back of your statement for helpful hints and important information including PAYMENT OPTIONS, CONTACT INFORMATION, and our website address. Should you ever have any questions with regard to your mortgage loan, visit our website address at Mrcooper.com to find the answers to frequently asked questions and for further assistance contact our Customer Service Department at 1-877-343-5602, 8am-8pm CT, Monday through Thursday, 8am-6pm CT, Friday and 8am-2pm CT, Saturday.*

*If you no longer wish to receive a monthly statement, please send a written request to the following address:*
PO Box 613287 Dallas, TX 75261

*If you later choose to resume delivery of a monthly statement, you must do so in writing to the same address. Please be aware that we cannot resume delivery of monthly statements if such delivery was halted by an order of the Bankruptcy Court.*

*This loan was recently transferred to Mr. Cooper and the information contained in this statement is based upon the contractual loan status under the mortgage. We are in the process of auditing your loan and reviewing the pending bankruptcy case. This review process may take up to 60 days. Once the review is complete, the monthly statements may be expanded to include additional loan information with respect to the pending bankruptcy case.*

✂ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## VOLUNTARY PAYMENT COUPON

**mr. cooper**
CHANGING THE FACE OF HOME LOANS
www.mrcooper.com

| ACCOUNT NUMBER | TOTAL PAYABLE AMOUNT | |
|---|---|---|
| | 04/01/2019 | $3,086.08 |

☐ PLEASE CHECK BOX IF MAILING ADDRESS OR PHONE NUMBER HAS CHANGED. ENTER CHANGES ON BACK OF COUPON

WRITE YOUR LOAN NUMBER ON YOUR CHECK OR MONEY ORDER AND MAKE PAYABLE TO MR. COOPER*

DENICE I WARD

MR. COOPER
PO BOX 619094
DALLAS, TX 75261-9741

ADDITIONAL ESCROW
*ADDITIONAL PRINCIPAL

**TOTAL AMOUNT OF YOUR**
*DO NOT SEND CAS*

*amounts must be paid in full before additional principal can be made.

Exhibit C
Page 1 of 4

Case 19-03107-tmb    Doc 1    Filed 10/10/19

Servicemembers Civil Relief
Act Notice Disclosure

U.S. Department of Housing
and Urban Development Office
of Housing

OMB Approval 2502-0584
Exp 3/31/2021

## Legal Rights and Protections Under the SCRA

Servicemembers on "active duty" or "active service," or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA).

## Who May Be Entitled to Legal Protections Under the SCRA?

- Regular members of the U.S. Armed Forces (Army, Navy, Air Force Marine Corps and Coast Guard).
- Reserve and National Guard personnel who have been activated and are on Federal active duty
- National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds
- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration.
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

## What Legal Protections Are Servicemembers Entitled To Under the SCRA?

- The SCRA states that a debt incurred by a servicemember, or servicemember and spouse jointly, prior to entering military service shall not bear interest at a rate above 6 % during the period of military service and one year thereafter, in the case of an obligation or liability consisting of a mortgage, trust deed, or other security in the nature of a mortgage, or during the period of military service in the case of any other obligation or liability.
- The SCRA states that in a legal action to enforce a debt against real estate that is filed during, or within one year after the servicemember's military service, a court may stop the proceedings for a period of time, or adjust the debt. In addition, the sale, foreclosure, or seizure of real estate shall not be valid if it occurs during or within one year after the servicemember's military service unless the creditor has obtained a valid court order approving the sale, foreclosure, or seizure of the real estate.
- The SCRA contains many other protections besides those applicable to home loans.

## How Does A Servicemember or Dependent Request Relief Under the SCRA?

- In order to request relief under the SCRA from loans with interest rates above 6% a servicemember or spouse must provide a written request to the lender, together with a copy of the servicemember's military orders.
  Mr. Cooper, Attn: Military Families, PO Box 619098, Dallas, TX 75261-9741
- There is no requirement under the SCRA; however, for a servicemember to provide a written notice or a copy of a servicemember's military orders to the lender in connection with a foreclosure or other debt enforcement action against real estate. Under these circumstances, lenders should inquire about the military status of a person by searching the Department of Defense's Defense Manpower Data Center's website, contacting the servicemember, and examining their files for indicia of military service. Although there is no requirement for servicemembers to alert the lender of their military status in these situations, it still is a good idea for the servicemember to do so.

## How Does a Servicemember or Dependent Obtain Information About the SCRA?

- Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php

- "Military OneSource" is the U. S. Department of Defense's information resource. If you are listed as entitled to legal protections under the SCRA (see above), please go to www.militaryonesource.mil/legal or call 1-800-342-9647 (toll free from the United States) to find out more information. Dialing instructions for areas outside the United States are provided on the website.

form HUD-92070
(6/2017)

957999.2-NNNN-11647697T-2208.2b*

Exhibit C
Page 2 of 4

Case 19-03107-tmb    Doc 1    Filed 10/10/19

## INFORMATIONAL STATEMENT

*mr.*
# cooper
CHANGING THE FACE OF HOME LOANS

8950 Cypress Waters Blvd.
Coppell, TX 75019

**CONTACT INFORMATION**

**Customer Service: 877-343-5602**
Monday – Friday: 8 a.m. – 5 p.m. CT

**www.mrcooper.com**

| | |
|---|---|
| Statement Date: | 03/22/2019 |
| Loan Number: | ████ |
| Payment Due Date: | 04/01/2019 |
| **Total Payment Amount:** | **$3,086.08** |



DENICE I WARD
849 S OLEANDER ST
CORNELIUS, OR 97113

Property Address:
849 S OLEANDER ST
CORNELIUS, OR 97113

**Important Messages con't**

**Oregon Residents:** There are government agencies and nonprofit organizations that can give you information about foreclosure and help you decide what to do. For the name and telephone number of an organization near you, please call 211 or visit www.oregonhomeownersupport.gov. If you need help finding a lawyer, consult the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling 503-684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at 800-452-7636. Free legal assistance may be available if you are very low income. For more information and a directory of legal aid programs, go to www.oregonlawhelp.org.

If you have any concern about unlawful conduct or activity, you may file a complaint with the Oregon Department of Consumer and Business Services at 350 Winter Street, PO Box 14480, Salem, OR 97309-0405. You may also call between the hours of 8:00 a.m. and 5:00 p.m. at 503-378-4100, or send a fax to 503-378-6444. You may also send an email to dcbs.info@oregon.gov.

*If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.*

957999.2-NNNN-1-16476977-2208.2

Exhibit C
Page 3 of 4

Case 19-03107-tmb    Doc 1    Filed 10/10/19

Servicemembers Civil Relief
Act Notice Disclosure

U.S. Department of Housing
and Urban Development Office
of Housing

OMB Approval 2502-0584
Exp 3/31/2021

## Legal Rights and Protections Under the SCRA

Servicemembers on "active duty" or "active service," or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA).

### Who May Be Entitled to Legal Protections Under the SCRA?

- Regular members of the U.S. Armed Forces (Army, Navy, Air Force Marine Corps and Coast Guard).
- Reserve and National Guard personnel who have been activated and are on Federal active duty
- National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds
- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration.
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

### What Legal Protections Are Servicemembers Entitled To Under the SCRA?

- The SCRA states that a debt incurred by a servicemember, or servicemember and spouse jointly, prior to entering military service shall not bear interest at a rate above 6 % during the period of military service and one year thereafter, in the case of an obligation or liability consisting of a mortgage, trust deed, or other security in the nature of a mortgage, or during the period of military service in the case of any other obligation or liability.

- The SCRA states that in a legal action to enforce a debt against real estate that is filed during, or within one year after the servicemember's military service, a court may stop the proceedings for a period of time, or adjust the debt. In addition, the sale, foreclosure, or seizure of real estate shall not be valid if it occurs during or within one year after the servicemember's military service unless the creditor has obtained a valid court order approving the sale, foreclosure, or seizure of the real estate.

- The SCRA contains many other protections besides those applicable to home loans.

## How Does A Servicemember or Dependent Request Relief Under the SCRA?

- In order to request relief under the SCRA from loans with interest rates above 6% a servicemember or spouse must provide a written request to the lender, together with a copy of the servicemember's military orders. Mr. Cooper, Attn: Military Families, PO Box 619098, Dallas, TX 75261-9741
- There is no requirement under the SCRA; however, for a servicemember to provide a written notice or a copy of a servicemember's military orders to the lender in connection with a foreclosure or other debt enforcement action against real estate. Under these circumstances, lenders should inquire about the military status of a person by searching the Department of Defense's Defense Manpower Data Center's website, contacting the servicemember, and examining their files for indicia of military service. Although there is no requirement for servicemembers to alert the lender of their military status in these situations, it still is a good idea for the servicemember to do so.

## How Does a Servicemember or Dependent Obtain Information About the SCRA?

- Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php

- "Military OneSource" is the U. S. Department of Defense's information resource. If you are listed as entitled to legal protections under the SCRA (see above), please go to www.militaryonesource.mil/legal or call 1-800-342-9647 (toll free from the United States) to find out more information. Dialing instructions for areas outside the United States are provided on the website.

form HUD-92070
(6/2017)

Exhibit C
Page 4 of 4

957999-2-NNNN-11647697?-2208.2b*

# mr. cooper

CHANGING THE FACE OF HOME LOANS

8950 Cypress Waters Blvd.
Coppell, TX 75019



**CONTACT INFORMATION**
Customer Service: 877-343-5602
Monday – Friday: 8 a.m. – 5 p.m. CT
www.mrcooper.com

| | |
|---|---|
| Statement Date: | 04/02/2019 |
| Loan Number: | |
| Payment Due Date: | 05/01/2019 |
| **Total Payment Amount:** | **$5,146.55** |

Property Address:
849 S OLEANDER ST
CORNELIUS, OR 97113

Our records show that you are a debtor in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.
If you want to stop receiving these statements, please contact us in writing at the address on the following page.

DENICE I WARD
849 S OLEANDER ST
CORNELIUS, OR 97113

## Account Information

| | |
|---|---|
| Interest Bearing Principal Balance | $114,562.42 |
| Interest Rate | 5.250% |
| Escrow Balance | $1,399.37 |

The Principal Balance does not represent the payoff amount of the account and is not to be used for payoff purposes.

## Explanation of Total Payable Amount

| | |
|---|---|
| Principal | $250.34 |
| Interest | $501.21 |
| Escrow Amount (for Taxes and Insurance) | $277.76 |
| **Regular Monthly Payment** | **$1,029.31** |
| Total Fees and Charges | $0.00 |
| Past Unpaid amount | $4,117.24 |
| Partial Payment (Unapplied) | $0.00 |
| **Total Payment Amount** | **$5,146.55** |

## Past Payments Breakdown

| | Payments Rec'd Since 03/23/2019 | Paid Year to Date |
|---|---|---|
| Principal | $251.09 | $251.09 |
| Interest | $502.31 | $502.31 |
| Escrow (Taxes & Insurance) | $277.76 | $277.76 |
| Fees and Charges | $0.00 | $0.00 |
| Lender Paid Expenses | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $1,031.16 | $1,031.16 |
| **Total** | **$2,062.32** | **$2,062.32** |

## Transaction Activity (03/23/2019 to 04/02/2019)

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 03/31/2019 | Payment-Int on Escrow | $1.05 | | | $1.05 | |
| 03/13/2019 | Principal Payment | $1.85 | $1.85 | | | |
| 03/13/2019 | Payment | $1,029.31 | $249.24 | $502.31 | $277.76 | |
| 03/13/2019 | Adjustment-Misc Suspense | -$1,031.16 | | | | -$1,031.16 |

## Important Messages          (See Reverse side for Additional Critical Notices)

*Partial Payment (Unapplied) refers to a payment less than your full monthly mortgage loan payment due that was received on your account. These funds are applied to, and held in, a separate non-interest bearing account until the remaining funds are received to make a full monthly mortgage loan payment. In order to apply these funds to the mortgage loan you are required to send us the additional funds sufficient to equal a full monthly mortgage loan payment. The Partial Payment (Unapplied) balance represents the amount of funds being held in a non-interest bearing account as of the date of this statement.*

*If you no longer wish to receive a monthly statement, please send a written request to the following address:*

                    *PO Box 613287 Dallas, TX 75261*

*If you later choose to resume delivery of a monthly statement, you must do so in writing to the same address. Please be aware that we cannot resume delivery of monthly statements if such delivery was halted by an order of the Bankruptcy Court.*

*This loan was recently transferred to Mr. Cooper and the information contained in this statement is based upon the contractual loan status under the mortgage. We are in the process of auditing your loan and reviewing the pending bankruptcy case. This review process may take up to 60 days. Once the review is complete, the monthly statements may be expanded to include additional loan information with respect to the pending bankruptcy case.*

*Oregon Residents:* There are government agencies and nonprofit organizations that can give you information about foreclosure and help you decide what to do. For the name and telephone number of an organization near you, please call 211 or visit www.oregonhomeownersupport.gov. If you need help finding a lawyer, consult the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling 503-684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at 800-452-7636. Free legal assistance may be available if you are very low income. For more information and a directory of legal aid programs, go to www.oregonlawhelp.org.

If you have any concern about unlawful conduct or activity, you may file a complaint with the Oregon Department of Consumer and Business Services at 350 Winter Street, PO Box 14480, Salem, OR 97309-0405. You may also call between the hours of 8:00 a.m. and 5:00 p.m. at 503-378-4100, or send a fax to 503-378-6444. You may also send an email to dcbs.info@oregon.gov.

--- DETACH HERE AND RETURN WITH YOUR PAYMENT. PLEASE ALLOW A MINIMUM OF 7 TO 10 DAYS FOR POSTAL DELIVERY ---

# mr. cooper
CHANGING THE FACE OF HOME LOANS

**www.mrcooper.com**

## VOLUNTARY PAYMENT COUPON

| ACCOUNT NUMBER | TOTAL PAYABLE AMOUNT |
|---|---|
| | 05/01/2019   **$5,146.55** |

☐ PLEASE CHECK BOX IF MAILING ADDRESS OR PHONE NUMBER HAS CHANGED. ENTER CHANGES ON BACK OF COUPON

WRITE YOUR LOAN NUMBER ON YOUR CHECK OR MONEY ORDER AND MAKE PAYABLE TO MR. COOPER*

DENICE I WARD

MR. COOPER
PO BOX 619094
DALLAS, TX 75261-9741

*(handwritten)* will not give into have to go through attorney payment sent 4/10

| | |
|---|---|
| ADDITIONAL ESCROW | $ |
| **ADDITIONAL PRINCIPAL | $ |
| **TOTAL AMOUNT OF YOUR CHECK**<br>**DO NOT SEND CASH** | |

**All amounts must be paid in full before additional principal can be made.



## IMPORTANT PAYMENT INFORMATION

- It is important to use the remittance stub and envelope provided since both contain computer encoding that will help ensure prompt and accurate posting of payments. Always include your loan number on your check or money order. However, should you not receive your statement, DO NOT DELAY PAYMENT! Simply write your loan number on your check or money order and mail to the payment address as provided in the **Contact Information** section below.

- Do not send cash or correspondence as this could delay processing. Correspondence should be sent to the address provided in the **Contact Information** section below.

- Please be advised that if your account is delinquent or if there are fees and charges due, your account may not be paid ahead nor may principal reduction payments be applied. When Mr. Cooper receives a remittance that is in excess of a payment amount, that excess is applied to your account in accordance with a predetermined sequence: 1) Principal and Interest due; 2) Applicable Escrow amount; 3) Fees and other charges assessed to your account. Once this sequence has been satisfied, you may give specific instructions as to how you would like excess amounts to be applied to your account by noting your preference on the face of your remittance stub.

- Any lump sum received that is not accompanied by a payoff quote will be applied according to our standard payment application rules. This will not result in satisfaction and reconveyance/release unless amount received satisfies all amounts due and owing on the account.

- A Schedule of Fee for Select Services may be found on our website at www.mrcooper.com.

**SERVICEMEMBERS CIVIL RELIEF ACT**
The Servicemembers Civil Relief Act (SCRA) may offer protection or relief to members of the military who have been called to active duty. If you are a member of the military who has been called to active duty or received a Permanent Change of Station order and you have not already made us aware, please forward a copy of your orders to us at:
Mr. Cooper, Attn: Military Families, P.O. Box 619098, Dallas, TX 75261-9741, fax 855-856-0427 or email MilitaryFamilies@mrcooper.com. Be sure to include your loan number with the copy of the orders. Please visit our website at www.mrcooper.com for complete details regarding Legal Rights and Protections Under the SCRA.

**LATE CHARGES AND OVERDRAFT FEES**
If a payment is credited to your account and subsequently dishonored by your bank, Mr. Cooper will reverse that payment and assess your loan account an insufficient funds fee of up to $50.00, as permitted by applicable law. (This fee may vary by state.)

**HOMEOWNER COUNSELING NOTICE**
If your loan is delinquent, you are entitled to receive homeownership counseling from an agency approved by the United States Department of Housing and Urban Development (HUD). A list of the HUD-approved, nonprofit homeownership counseling agencies may be downloaded from the Internet at: https://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or by calling the HUD toll free number 1-800-569-4287 (toll free TDD number 1-800-877-8339) to obtain a list of approved nonprofit agencies serving your residential area.

**NEW YORK STATE RESIDENTS**
For those customers who reside in the state of New York, a borrower may file complaints about the Servicer with the New York State Department of Financial Services or may obtain further information by calling the Department's Consumer Help Unit at 1-800-342-3736 or by visiting the Department's website at www.dfs.ny.gov. Mr. Cooper is registered with the New York Superintendent of Financial Services.

Mr. Cooper may report your account to the major credit bureaus. Late or missed payments and other defaults on your account may reflect on your credit report which can impact your ability to obtain other forms of credit.

## PAYMENT OPTIONS

**AUTOMATED PHONE PAYMENT** Is a pay-by-phone service provided through our automated phone system. There may be a fee of up to $14 for this service. Call 877-343-5602.

**AGENT ASSISTED PAYMENT** Is a pay by phone service provided by a customer service agent. Call 877-343-5602 and speak with an agent. There may be a fee of up to $19 for this service.

**PAY BY MAIL** Detach the coupon provided with this statement and mail it with your check or money order in the envelope provided. Please write your loan number on your payment and **allow adequate time for postal delays as the receipt and posting date will govern the assessment of late charges.**

**MONEYGRAM EXPRESSPAYMENT** Ensures same-day delivery of your payment to Mr. Cooper. Visit your local MoneyGram Agent. Call 1-800-926-9400 to locate the one nearest you. Complete the ExpressPayment form, providing your name and Mr. Cooper loan number. **The MoneyGram Receive Code is ***1678***.** All ExpressPayment transactions require cash. The agent will charge a fee for this service.

**WESTERN UNION QUICKCOLLECT** Ensures same-day delivery of your payment to Mr. Cooper. Visit your local Western Union Agent. Call 1-800-325-6000 to locate the one nearest you. Complete the QuickCollect form with your name and Mr. Cooper loan number, indicating:

Pay to: Mr. Cooper    Code City: MRCOOPER    State: TX

All QuickCollect transactions require cash. Western Union will charge a fee for this service.

## NOTICE TO CUSTOMERS MAKING PAYMENTS BY CHECK

**Authorization to Convert Your Check:** If you send us a check to make your payment, your check may be converted into an electronic fund transfer. An electronic fund transfer is the process in which your financial institution transfers funds electronically from your account to our account. By sending your completed signed check to us, you authorize us to copy your check and use the information from your check to make an electronic funds transfer from your account for the same amount as the check. If the electronic fund transfer cannot be processed for technical reasons, you authorize us to process the copy of your check.

**Insufficient Funds:** The electronic fund transfer from your account will usually occur within 24 hours of our receipt of your check. If the electronic fund transfer cannot be completed because of insufficient funds, you may be assessed an NSF fee in connection with the attempted transaction.

**Transaction Information:** The electronic fund transfer from your account will be on the account statement you receive from your financial institution. You will not receive your original check back from your financial institution. For security reasons, your original check will be destroyed, but we will keep a secured copy of the check for record keeping purposes.

**Your Rights:** You should contact your financial institution immediately if you believe that the electronic fund transfer reported on your statement is not properly authorized or is otherwise incorrect. Consumers have protections under the Electronic Fund Transfer Act for any unauthorized or incorrect electronic fund transfer.

## CONTACT INFORMATION

**CUSTOMER SERVICE: 877-343-5602,** Monday through Friday 8 am - 5 pm CT.
[Calls may be monitored and/or recorded for quality assurance purposes.]

**MAILING ADDRESSES:** For Mr. Cooper are listed below. Please carefully select the address suited to your needs and remember, sending payments to any address other than the one specifically identified for payments will result in delays and may result in additional fees being assessed to your account.

| BANKRUPTCY CASE NOTICES: | WRITTEN INFORMATION REQUESTS*: | OVERNIGHT DELIVERY CORRESPONDENCE: | INSURANCE RENEWALS/ BILLS: | TAX NOTICES/ BILLS: | BANKRUPTCY PAYMENTS: | REQUEST TO CANCEL OR RESUME STATEMENTS: |
|---|---|---|---|---|---|---|
| PO Box 619096 Dallas, TX 75261-9741 | PO Box 619098 Dallas, TX 75261-9741 | Lake Vista 4 800 State Highway 121 Bypass Lewisville, TX 75067 | PO Box 7729 Springfield, OH 45501-7729 Fax (800) 687-4729 | PO Box 2505 Covina, CA 91722-2505 Fax (626) 667-6439 | PO Box 619094 Dallas, TX 75261-9741 | PO Box 615287 Dallas, TX 75261 |

**\*ANY NOTICE OF ERROR, REQUEST FOR INFORMATION OR OTHER QUALIFIED WRITTEN REQUEST REGARDING THE SERVICING OF YOUR LOAN MUST BE SENT TO THIS ADDRESS: Mr. Cooper, P.O. Box 619098, Dallas, TX 75261-9741, Attn: Customer Relations Officer.** A written request must comply with the requirements of RESPA and Regulation X. A qualified written request means a written correspondence (other than notice on a payment coupon or other payment medium supplied by Mr. Cooper) that (1) includes or otherwise enables Mr. Cooper to identify the name and account of the borrower, and (2) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to Mr. Cooper regarding information sought by the borrower. A written request may be considered invalid if it is delivered to a servicer more than 1 year after either the date of transfer of servicing or the date that the mortgage servicing loan amount was paid in full, whichever date is applicable.



Mr. Cooper, its affiliates, successors or its assigns or their officers, directors, agents, or employees, are neither liable nor responsible for, or make any representation regarding the products or services offered on any enclosed inserts.

## CHANGE OF ADDRESS OR TELEPHONE NUMBER

CHECK THE APPROPRIATE BOX: ☐ MAILING ADDRESS    ☐ TELEPHONE NUMBER    LOAN #: _____

Borrower's Name: _____    Co-Borrower's Name: _____

Borrower's New Address: _____    Co-Borrower's New Address: _____

Authorized Borrower's Number(s):    Authorized Co-Borrower's Number(s):
Home: ( ___ ) _____ Mobile: Yes No    Home: ( ___ ) _____ Mobile: Yes No
Work: ( ___ ) _____ Ext. ___ Mobile: Yes No    Work: ( ___ ) _____ Ext. ___ Mobile: Yes No
Other: ( ___ ) _____ Mobile: Yes No    Other: ( ___ ) _____ Mobile: Yes No

Signature Required: _____    Signature Required: _____

I consent to being contacted by Mr. Cooper at any telephone number I have provided. This includes, but is not limited to, calls from your dialing system to my cellular or mobile telephone.

Exhibit D
Page 2 of 4

Case 19-03107-tmb   Doc 1   Filed 10/10/19

963911.2-NNNN-1182-43529-3782.1b



# INFORMATIONAL STATEMENT

**CONTACT INFORMATION**

Customer Service: 877-343-5602
Monday – Friday: 8 a.m. – 5 p.m. CT

**www.mrcooper.com**



mr.
**cooper**®
CHANGING THE FACE OF HOME LOANS

8950 Cypress Waters Blvd.
Coppell, TX 75019

| | |
|---|---|
| Statement Date: | 04/02/2019 |
| Loan Number: | █████ |
| Payment Due Date: | 05/01/2019 |
| **Total Payment Amount:** | **$5,146.55** |

DENICE I WARD
849 S OLEANDER ST
CORNELIUS, OR 97113

Property Address:
849 S OLEANDER ST
CORNELIUS, OR 97113

**Important Messages con't**

*If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.*

Servicemembers Civil Relief
Act Notice Disclosure

U.S. Department of Housing
and Urban Development Office
of Housing

OMB Approval 2502-0584
Exp 3/31/2021

## Legal Rights and Protections Under the SCRA

Servicemembers on "active duty" or "active service," or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA).

## Who May Be Entitled to Legal Protections Under the SCRA?

- Regular members of the U.S. Armed Forces (Army, Navy, Air Force Marine Corps and Coast Guard).
- Reserve and National Guard personnel who have been activated and are on Federal active duty
- National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds
- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration.
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

## What Legal Protections Are Servicemembers Entitled To Under the SCRA?

- The SCRA states that a debt incurred by a servicemember, or servicemember and spouse jointly, prior to entering military service shall not bear interest at a rate above 6 % during the period of military service and one year thereafter, in the case of an obligation or liability consisting of a mortgage, trust deed, or other security in the nature of a mortgage, or during the period of military service in the case of any other obligation or liability.
- The SCRA states that in a legal action to enforce a debt against real estate that is filed during, or within one year after the servicemember's military service, a court may stop the proceedings for a period of time, or adjust the debt. In addition, the sale, foreclosure, or seizure of real estate shall not be valid if it occurs during or within one year after the servicemember's military service unless the creditor has obtained a valid court order approving the sale, foreclosure, or seizure of the real estate.
- The SCRA contains many other protections besides those applicable to home loans.

## How Does A Servicemember or Dependent Request Relief Under the SCRA?

- In order to request relief under the SCRA from loans with interest rates above 6% a servicemember or spouse must provide a written request to the lender, together with a copy of the servicemember's military orders.
  Mr. Cooper, Attn: Military Families, PO Box 619098, Dallas, TX 75261-9741
- There is no requirement under the SCRA; however, for a servicemember to provide a written notice or a copy of a servicemember's military orders to the lender in connection with a foreclosure or other debt enforcement action against real estate. Under these circumstances, lenders should inquire about the military status of a person by searching the Department of Defense's Defense Manpower Data Center's website, contacting the servicemember, and examining their files for indicia of military service. Although there is no requirement for servicemembers to alert the lender of their military status in these situations, it still is a good idea for the servicemember to do so.

## How Does a Servicemember or Dependent Obtain Information About the SCRA?

- Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php

- "Military OneSource" is the U. S. Department of Defense's information resource. If you are listed as entitled to legal protections under the SCRA (see above), please go to www.militaryonesource.mil/legal or call 1-800-342-9647 (toll free from the United States) to find out more information. Dialing instructions for areas outside the United States are provided on the website.

form HUD-92070
(6/2017)

Jun. 26. 2019 6:04PM



cooper

CHANGING THE FACE OF HOME LOANS

8950 Cypress Waters Blvd.
Coppell, TX 75019



**CONTACT INFORMATION**
Customer Service: 877-343-5602
Monday – Friday: 8 a.m. – 5 p.m. CT
www.mrcooper.com

| | |
|---|---|
| Statement Date: | 05/20/2019 |
| Loan Number: | |
| Payment Due Date: | 06/01/2019 |
| **Total Payment Amount:** | **$4,117.24** |

Property Address:
849 S OLEANDER ST
CORNELIUS, OR 9713

Our records show that you are a debtor in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.
If you want to stop receiving these statements, please contact us in writing at the address on the following page.

DENICE I WARD
849 S OLEANDER ST
CORNELIUS, OR 97113

## Account Information

| Interest Bearing Principal Balance | $114,562.42 |
|---|---|
| Interest Rate | 5.250% |
| Escrow Balance | $1,399.37 |
| Prepayment Penalty | No |

The Principal Balance does not represent the payoff amount of the account and is not to be used for payoff purposes.

## Explanation of Total Payment Amount (Post Petition Payment)

| Principal | $250.34 |
|---|---|
| Interest | $501.21 |
| Escrow Amount (for Taxes and Insurance) | $277.76 |
| **Regular Monthly Payment** | **$1,029.31** |
| Total Fees and Charges | $0.00 |
| Past Unpaid amount | $5,146.55 |
| Partial Payment (Unapplied) | $2,058.62 |
| **Total Payment Amount** | **$4,117.24** |

## Past Payments Breakdown

| | Payments Rec'd Since 04/21/2019 | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $251.09 |
| Interest | $0.00 | $502.31 |
| Escrow (Taxes & Insurance) | $0.00 | $277.76 |
| Fees and Charges | $0.00 | $0.00 |
| Lender Paid Expenses | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $1,029.31 | $3,089.78 |
| **Total** | **$1,029.31** | **$4,120.94** |

## Transaction Activity (04/21/2019 to 05/20/2019)

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 05/09/2019 | Partial Payment | $1,029.31 | | | | $1,029.31 |

## Important Messages

(See Reverse side for Additional Critical Notices)

*Partial Payment (Unapplied) refers to a payment less than your full monthly mortgage loan payment due that was received on your account. These funds are applied to, and held in, a separate non-interest bearing account until the remaining funds are received to make a full monthly mortgage loan payment. In order to apply these funds to the mortgage loan you are required to send us the additional funds sufficient to equal a full monthly mortgage loan payment. The Partial Payment (Unapplied) balance represents the amount of funds being held in a non-interest bearing account as of the date of this statement.*

*While an account is involved in a pending bankruptcy case, Mr.Cooper is unable to offer an automatic payment plan. Once the loan is no longer subject to a bankruptcy proceeding, you may contact Mr.Cooper to set up automatic payments.*

*If you no longer wish to receive a monthly statement, please send a written request to the following address:*

*PO Box 613287 Dallas, TX 75261*

*If you later choose to resume delivery of a monthly statement, you must do so in writing to the same address. Please be aware that we cannot resume delivery of monthly statements if such delivery was halted by an order of the Bankruptcy Court.*

*If your Bankruptcy Plan requires you to send your regular monthly payments to the Trustee, you continue to pay the Trustee per your plan. Please contact your attorney or the Trustee if you have any questions.*

*We have not received all of your mortgage payments due since you filed for bankruptcy.*

*The fees listed herein may not be all recoverable fees disclosed to the Bankruptcy Court. Please refer to the Bankruptcy filing for the complete list of fees and costs.*

*Please contact your attorney or the Trustee with questions regarding the application of payments.*

*The information disclosed on the periodic statement may not include payments you have made to the Trustee and may not be consistent with the Trustee's records.*

*If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.*

Exhibit E
Page 1 of 1

Case 19-03107-tmb    Doc 1    Filed 10/10/19

DETACH HERE AND RETURN WITH YOUR PAYMENT. PLEASE ALLOW A MINIMUM OF 7 TO 10 DAYS FOR POSTAL DELIVERY.

 **mr. cooper** 8950 Cypress Waters Blvd.
Coppell, TX 75019

CHANGING THE FACE OF HOME LOANS



**OUR INFO**
**ONLINE**
www.mrcooper.com





DENICE WARD
849 S OLEANDER ST
CORNELIUS, OR 97113

6/5/2019

**YOUR INFO**
**LOAN NUMBER:**
**PROPERTY ADDRESS:**
849 S OLEANDER ST
CORNELIUS, OR 97113

**Your loan is serviced by Nationstar Mortgage LLC d/b/a Mr. Cooper. You should continue to make your payments just as you always have. As of** 5/1/2019, **your loan is past due.**

This Notice is to inform you of the owner of your loan and loan information (described below).

**\*\*NOTE: The owner identified below may not be the servicer of your loan. The servicer (identified below) acts on behalf of the owner to handle the ongoing administration of your loan, including the collection of mortgage payments. Please continue to send your mortgage payments as directed by the servicer and NOT to the owner. Payments sent to the owner instead of the servicer may result in late charges on your loan and your account becoming past due. Neither the owner nor the servicer is responsible for late charges or other consequences of any misdirected payment.**

**SHOULD YOU HAVE ANY QUESTIONS REGARDING YOUR LOAN, PLEASE CONTACT THE SERVICER USING THE CONTACT INFORMATION SET FORTH BELOW.**

**LOAN INFORMATION:**
| | |
|---|---|
| As of Date: | **6/5/2019** |
| Next Payment Due (Amount including fees): | **5/1/2019** |
| Unpaid Principal Balance: | **$114,562.42** |
| Escrow Balance (Taxes & Insurance): | **$1,399.37** |
| Unapplied Funds: | **$2,058.62** |

**SERVICER INFORMATION:**
| | |
|---|---|
| Name: | Mr. Cooper |
| Mailing Address: | 8950 Cypress Waters Blvd. Coppell, TX 75019 |
| Telephone Number: | 888-480-2432 |

Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC. All rights reserved.

**Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.**

If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally





Website:                              www.mrcooper.com

Servicer's Scope of Responsibilities: The servicer is responsible for ongoing administration of your loan, including receipt of legal notices, receipt and processing of payments, resolution of payment-related issues and response to any other inquiries you may have regarding your loan.

**OWNER INFORMATION:**
Name:                              Federal National Mortgage Association
Mailing Address (**not for payments**):
                                   13150 Worldgate Drive
                                   Herndon, VA 20170
Telephone Number:                  800-232-6643

Scope of responsibilities: As the owner, the above-named entity holds legal title to your loan and is authorized to receive legal notices and to exercise (or cause an agent on its behalf to exercise) certain rights of ownership with respect to your loan.

If you have any questions, please contact our Customer Service Department at 888-480-2432 or via mail at the address listed above. Our hours of operation are Monday through Thursday from 7 a.m. to 8 p.m. (CT), Friday from 7 a.m. to 7 p.m. (CT) and Saturday from 8 a.m. to 12 p.m. (CT). Visit us on the web at www.mrcooper.com for more information.

Sincerely,

Mr. Cooper



## Notices of Error:

If you believe an error has been made with respect to the mortgage loan, you should provide to us in writing the following information: Your name (and the name of the borrower, if you are an authorized third party), the loan account number, and the error you believe has occurred. To submit a notice of error, you must send this information to the following address:

Mr. Cooper
Attn: Notice of Error/Request for Information
PO Box 619098
Dallas, TX 75261-9741

## Requests for Information:

To request information regarding the account, you should provide to us in writing the following information: Your name (and the name of the borrower, if you are an authorized third party), the loan account number, and the information you are requesting with respect to your mortgage loan. To submit a request for information, you must send this information to the following address:

Mr. Cooper
Attn: Notice of Error/Request for Information
PO Box 619098
Dallas, TX 75261-9741

**If you have any concerns about unlawful conduct or activity, you may file a complaint with the Oregon Department of Consumer and Business Services at 350 Winter Street NE, PO Box 14480, Salem, OR 97309-0405. You may also call between the hours of 8:00 a.m. and 5:00 p.m. at 503-378-4100, or send a fax to 503-378-6444. You may also send an email to dcbs.info@oregon.gov.**

**Oregon Residents:** There are government agencies and nonprofit organizations that can give you information about foreclosure and help you decide what to do. For the name and telephone number of an organization near you, please call 211 or visit www.oregonhomeownersupport.gov. If you need help finding a lawyer, consult the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling 503-684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at 800-452-7636. Free legal assistance may be available if you are very low income. For more information and a directory of legal aid programs, go to www.oregonlawhelp.org. Residential mortgage loan servicers are regulated by the Oregon Division of Financial Regulation. To file a complaint, call (866) 814-9710 or visit https://dfr.oregon.gov.

# COOPER

CHANGING THE FACE OF HOME LOANS

8950 Cypress Waters Blvd.
Coppell, TX 75019

## INFORMATION No. 1424 EMP. 3

### CONTACT INFORMATION

**Customer Service: 877-343-5602**
Monday – Friday: 8 a.m. – 5 p.m. CT
**www.mrcooper.com**

| | |
|---|---|
| Statement Date: | 06/18/2019 |
| Loan Number: | 659426241 |
| Payment Due Date: | 07/01/2019 |
| **Total Payment Amount:** | **$4,117.24** |

Property Address:
849 S OLEANDER ST
CORNELIUS, OR 97113

Our records show that you are a debtor in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.
If you want to stop receiving these statements, please contact us in writing at the address on the following page.

DENICE I WARD
849 S OLEANDER ST
CORNELIUS, OR 97113

---

### Account Information

| | |
|---|---|
| Interest Bearing Principal Balance | $114,562.42 |
| Interest Rate | 5.250% |
| Escrow Balance | $1,399.37 |
| Prepayment Penalty | No |

The Principal Balance does not represent the payoff amount of the account and is not to be used for payoff purposes.

### Explanation of Total Payment Amount (Post Petition Payment)

| | |
|---|---|
| Principal | $250.34 |
| Interest | $501.21 |
| Escrow Amount (for Taxes and Insurance) | $277.76 |
| **Regular Monthly Payment** | **$1,029.31** |
| Total Fees and Charges | $0.00 |
| Past Unpaid amount | $6,175.86 |
| Partial Payment (Unapplied) | $3,087.93 |
| **Total Payment Amount** | **$4,117.24** |

---

### Summary of Amounts Past Due Before Bankruptcy Filing (Pre Petition Arrearage)

This box shows amounts that were past due when you filed for bankruptcy. It may also include other allowed amounts on your mortgage loan. The Trustee is sending us the payments shown here. These are separate from your regular monthly mortgage payments.

| | |
|---|---|
| Total Due at Filing | $0.00 |
| Amount Applied to Claim Arrears Last Month | $0.00 |
| Total Amount Applied to Claim Arrears | $0.00 |
| Current Balance | $0.00 |

### Past Payments Breakdown

| | Payments Rec'd Since 05/19/2019 | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $251.09 |
| Interest | $0.00 | $502.31 |
| Escrow (Taxes & Insurance) | $0.00 | $277.76 |
| Fees and Charges | $0.00 | $0.00 |
| Lender Paid Expenses | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $1,029.31 | $4,119.09 |
| **Total** | **$1,029.31** | **$5,150.25** |

---

### Transaction Activity (05/19/2019 to 06/18/2019)

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 06/12/2019 | Partial Payment | $1,029.31 | | | | $1,029.31 |

### Important Messages
(See Reverse side for Additional Critical Notices)

*Partial Payment (Unapplied)* refers to a payment less than your full monthly mortgage loan payment that was received on your account. These funds are applied to, and held in, a separate non-interest bearing account until the remaining funds are received to make a full monthly mortgage loan payment. In order to apply these funds to the mortgage loan you are required to send us the additional funds sufficient to equal a full monthly mortgage loan payment. The Partial Payment (Unapplied) balance represents the amount of funds being held in a non-interest bearing account as of the date of this statement.

*While an account is involved in a pending bankruptcy case, Mr.Cooper is unable to offer an automatic payment plan. Once the loan is no longer subject to a bankruptcy proceeding, you may contact Mr.Cooper to set up automatic payments.*

*If you no longer wish to receive a monthly statement, please send a written request to the following address:*

PO Box 613287 Dallas, TX 75261

*If you later choose to resume delivery of a monthly statement, you must do so in writing to the same address. Please be aware that we cannot resume delivery of monthly statements if such delivery was halted by an order of the Bankruptcy Court.*

*If your Bankruptcy Plan requires you to send your regular monthly payments to the Trustee, you continue to pay the Trustee per your plan. Please contact your attorney or the Trustee if you have any questions.*

*We have not received all of your mortgage payments due since you filed for bankruptcy.*

*The fees listed herein may not be all recoverable fees disclosed to the Bankruptcy Court. Please refer to the Bankruptcy filing for the complete list of fees and costs.*

*Please contact your attorney or the Trustee with questions regarding the application of payments.*

*The information disclosed on the periodic statement may not include payments you have made to the Trustee and may not be consistent with the Trustee's records.*

*If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.*

---

Case 19-03107-tmb   Doc 1   Filed 10/10/19

DETACH HERE AND RETURN WITH YOUR PAYMENT. PLEASE ALLOW A MINIMUM OF 7 TO 10 DAYS FOR POSTAL DELIVERY.

**INFORMATIONAL STATEMENT**

*mr.* **cooper**
CHANGING THE FACE OF HOME LOANS

8950 Cypress Waters Blvd.
Coppell, TX 75019



**CONTACT INFORMATION**

**Customer Service: 877-343-5602**
Monday – Friday: 8 a.m. – 5 p.m. CT

**www.mrcooper.com**

| | |
|---|---|
| Statement Date: | 06/18/2019 |
| Loan Number: | 659426241 |
| Payment Due Date: | 07/01/2019 |
| **Total Payment Amount:** | **$4,117.24** |

DENICE I WARD
849 S OLEANDER ST
CORNELIUS, OR 97113

Property Address:
849 S OLEANDER ST
CORNELIUS, OR 97113

**Important Messages con't**

**Oregon Residents:** *There are government agencies and nonprofit organizations that can give you information about foreclosure and help you decide what to do. For the name and telephone number of an organization near you, please call 211 or visit www.oregonhomeownersupport.gov. If you need help finding a lawyer, consult the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling 503-684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at 800-452-7636. Free legal assistance may be available if you are very low income. For more information and a directory of legal aid programs, go to www.oregonlawhelp.org. Residential mortgage loan servicers are regulated by the Oregon Division of Financial Regulation. To file a complaint, call (866) 814-9710 or visit https://dfr.oregon.gov.*

June 26, 2019

Mr. Cooper
Attn: Payoff Department
Lake Vista 4
800 State Highway 121 Bypass
Lewisville, TX 75067


RE: Payoff Quote

Loan number: ███████████

Borrower: Denice I Ward

Property Address:

        849 S Oleander

        Cornelius, Oregon 97113

**Please mail Payoff Quote to property Address.**


Mr. Cooper:

    I would like a payoff Quote for my loan number ███████████

    This request is being made pursuant to 12 C.F.R. § 1026.36(c)(3) "In connection with a consumer credit transaction secured by a consumer's dwelling, a creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. The statement shall be sent within a reasonable time, but in no case more than seven business days, after receiving a written request from the consumer or any person acting on behalf of the consumer."


Please provide the information within the next seven business days.


        Thank you,


        Denice Ward



**Law Offices of**
**Alexzander C. J. Adams, P.C.**
14705 SW Millikan Way   Beaverton, OR 97006
(503) 278-5400 Office        (888) 588-5410 Fax
www.ACJALaw.com

**JULY 29, 2019**

Sent via Certified Mail return receipt requested

Mr. Cooper
Attn: Customer Relations
PO Box 619098
Dallas, TX 75261-9741

Denice Ward
849 S Oleander St.
Cornelius, OR 97113

**Mr. Cooper Account No. ████████**
**Property Address:**
**849 S Oleander St.**
**Cornelius, OR 97113**

**RE: Notice of Error pursuant to 12 C.F.R. §1024.35(b)(2)**
**and/or 12 C.F.R 1024.35(b)(11) for failure to properly apply**
**payments to principal, interest, escrow, or other charges under**
**the terms of the mortgage loan, agreed modification, and**
**applicable law; (6) Failure to provide an accurate payoff**
**balance amount upon a borrower's request in violation of**
**section 12 CFR 1026.36(c)(3)**

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 C.F.R. § 1024.35 of
Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures
Act (RESPA), which became effective on January 10, 2014. These amendments
implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act
provisions regarding mortgage loan servicing.

Pursuant to 12 C.F.R. § 1024.35(d), ***within five (5) days*** of your receipt of this notice,
excluding legal public holidays, Saturdays and Sundays, you must send a written
response acknowledging such receipt.

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax:   (888) 588-5410
Office: (503) 278-5400

Exhibit I
Page 1 of 3                    Case 19-03107-tmb    Doc 1    Filed 10/10/19

Pursuant to 12 C.F.R. § 1024.35(e)(3)(i)(C), ***within thirty (30) days*** of your receipt of this notice, excluding legal public holidays, Saturdays and Sundays, you must send a written response to this notice in compliance with the express requirements of 12 C.F.R. § 1024.35(e)(1).

The written authority of the above-referenced borrower (the "Borrower") for this notice to our law firm is enclosed and incorporated herein by this reference.

---

## NOTICE OF ERROR PURSUANT TO 12 C.F.R. 1024.35(b)(2) and/or 12 C.F.R. 1024.35(b)(11) FOR FAILING TO PROPERLY APPLY PAYMENTS.

The Borrower asserts you have failed to properly credit all payments tendered by the Borrower in accordance with her contract:

1.      Borrower received a monthly statement dated March 22, 2019 which states that Borrower made a payment of $1031.16 on March 13, 2019 which was applied to an suspense account.  The Statement also states that Borrower's monthly payment is $1,029.31.  Therefore Borrower's payment was misapplied.
2.      Borrower received a monthly statement dated March 22, 2019 which states that Borrower made no payments in 2019.  However, when the debt was transferred Borrower was current.  Therefore Borrower's January 2019 payment was misapplied.
3.      Borrower received a monthly statement dated March 22, 2019 which states that Borrower made no payments in 2019.  However, when the debt was transferred Borrower was current.  Therefore Borrower's February 2019 payment was misapplied.
4.      Borrower received a monthly statement dated April 2, 2019 which states that Borrower owes $5,146.55 in payment amount.  This is a $2,065.87 increase over the previous month and demonstrates that Borrower's payment for the month of March was misapplied.
5.      Borrower received a monthly statement dated May 20, 2019 which states that Borrower made a payment of $1,029.31 on May 9, 2019 which was applied to an suspense account.  The Statement also states that Borrower's monthly payment is $1,029.31.  Therefore Borrower's payment was misapplied.
6.      Borrower received a monthly statement dated May 20, 2019 which states that Borrower made a payment of $1,029.31 on June 18, 2019 which was applied to an suspense account.  The Statement also states that Borrower's monthly payment is $1,029.31.  Therefore Borrower's payment was misapplied.
7.      Borrower received a letter on June 5, 2019 stating that she is passed due, but as she has made every payment in compliance with her contract this letter is in error and further demonstrates your failure to properly apply her payments.

A copy of each of these statements is attached for your review.  The Borrower alleges Mr. Cooper's actions in failing to apply all mortgage payments referenced above constitute at least seven (7) separate and distinct errors in application of all payments pursuant to 12 C.F.R. 1024.35(b)(2).

---

## NOTICE OF ERROR PURSUANT TO 12 C.F.R. 1024.35(b)(6) FAILURE TO PROVIDE AN ACCURATE PAYOFF BALANCE AMOUNT UPON A BORROWER'S REQUEST IN VIOLATION OF SECTION 12 CFR 1026.36(c)(3).

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax:    (888) 588-5410
Office: (503) 278-5400

Exhibit I
Page 2 of 3

Case 19-03107-tmb    Doc 1    Filed 10/10/19

On June 26, 2019 Borrower sent you a letter requesting a payoff Quote for her loan made pursuant to 12 C.F.R. § 1026.36(c)(3). It identified her loan number, the property, and requested that it be sent within seven (7) business days.

This failure to provide Borrower her pay-off quote within seven (7) business days of her request is a violation of 12 C.F.R. 1024.35(b)6).

## CONCLUSION AND REQUESTED ACTIONS

Based on the foregoing the Borrower calculates and otherwise alleges that **Mr. Cooper has committed at least seven (7) errors in the servicing of the Loan** as described *supra*.

Please correct these errors as described herein and provide us with corrected billing statements, notification of the correction, the date of the correction, and contact information for further assistance; or, after conducting a reasonable investigation, provide the Borrower, **through our firm**, with a notification that includes a statement that you have determined that no error occurred, a statement of the reason(s) for this determination, a statement of the Borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the Borrower can request such documents, and contact information for further assistance

Please send an accurate payoff quote for Borrower Denice Ward, loan no. ███████ property address 849 S Oleander Cornelius, Oregon 97113, pursuant to 12 C.F.R. § 1026.36(c)(3) to our office within seven (7) business days.

Please be advised that for sixty (60) days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to 12 C.F.R. §1024.35(i).

Sincerely,

/s/ Noah Bishop
Noah Bishop
Attorney at Law
OSB Bar # 092871

LAW OFFICES OF ALEXZANDER C.J. ADAMS, PC
14705 SW Millikan Way
Beaverton, OR 97006
Noah@acjalaw.com
Fax:    (888) 588-5410
Office: (503) 278-5400