IT IS ORDERED that the application below is approved.

*[Signature]*
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re:

**Denice Irlene Ward**

Debtor(s)

**Denice Irlene Ward**

Plaintiff(s)

v.

**Federal National Mortgage Association
Nationstar Mortgage LLC,**

Defendant(s)

Case No: **12-33720-tmb 13**

**APPLICATION FOR SPECIAL
ADMISSION** *PRO HAC VICE,*
**AND ORDER THEREON**

Adv. Proc. No. (if applicable): **19-03107-tmb**

The undersigned, attorney for the following named party(s): **Denice Irlene Ward** _____, moves for admission of the following attorney *pro hac vice*:

(a) **APPLICANT ATTORNEY INFORMATION**

  (1) **Personal Data:**

   (A) Attorney's Name: **Marc E. Dann**

   (B) Firm or Business Affiliation: **Dann Law**

   (C) Mailing Address: **2728 Euclid Avenue, Suite 300, Cleveland, OH 44115**

   (D) Business Telephone Number: **216-373-0539**

   (E) Fax Telephone Number: **216-373-0536**

   (F) E-Mail Address: **mdann@dannlaw.com**

(2) **Bar Admissions Information:** I certify that I am now a member in good standing of the following State and/or Federal Bar Association:

   (A) State Bar Admissions, Standing, Admissions Date and BAR ID Number: **OH Bar 0039425**

   (B) Federal Bar Admissions, Standing, Admissions Date and BAR ID Number: **OH Bar 0039425**

(3) **Certification of Disciplinary Proceedings:**

   ☐ I certify that I am not now, nor have I ever been subject to any disciplinary action by any State or Federal bar association or administrative agency.

   ☒ I certify that I am now, or have been subject to disciplinary action from a State or Federal bar association or administrative agency (see attached letter of explanation).

(4) **Certification of Professional Liability Insurance:** I certify that I have a current professional liability insurance policy that will apply in this case, and that the policy will remain in effect during the course of these proceedings.

(b) **CERTIFICATION OF ASSOCIATED LOCAL COUNSEL:** I certify that:

(1) I am a member in good standing of the Bar of this court, and that I will serve as designated local counsel in this particular case.

(2) I have verified the information supplied by the applicant in pt. (a)(2).

(3) **Local Counsel's Personal Data:**

   (A) Name and Oregon State Bar ID Number: **Alexzander CJ Adams OSB 082411**

   (B) Firm or Business Affiliation: **Law Offices of Alexzander CJ Adams**

   (C) Mailing Address: **14705 SW Millikan Way Beaverton, OR 97003**

   (D) Business Telephone Number: **503-278-5400**

   (E) Fax Telephone Number: **888-588-5410**

   (F) E-Mail Address: **Alexz@acjlaw.com**

(4) **Meaningful Participation Requirements:** I certify that I have discussed the participation requirements of LR 83-3 with my associate counsel.

(c) **SIGNATURES OF COUNSEL**

| /s/Alexzander CJ Adams | /s/Marc E. Dann |
|---|---|
| Local Counsel | Special Admissions Applicant |
| NAME: **Alexzander CJ Adams** | NAME: **Marc E. Dann** |
| ADDRESS: **14705 SW Millikan Way Beaverton, OR 97003** | ADDRESS: **2728 Euclid Avenue, Suite 300 Cleveland, OH 44115** |
| PHONE: **503-278-5400** | PHONE: **216-373-0539** |

In Re: Denice Irlene Ward
Case Number: 12-33720-tmb13

Marc E. Dann
Ohio Registration No.: 0039425

## Federal and State Bar Admissions

| | |
|---|---|
| Ohio Supreme Court | November 1987 |
| USDC-Northern District of Ohio | October 1991 |
| USDC-Southern District of Ohio | March 2006 |
| US Bankruptcy Court Northern District of Ohio | October 8, 1991 |
| US Bankruptcy Court Southern District of Ohio | March 28, 2016 |
| USDC Northern District of Illinois | 2015 |
| USDC Northern District of Indiana | 2016 |
| Sixth Circuit Court of Appeals | April 1991 |

# The Supreme Court of Ohio

## CERTIFICATE OF GOOD STANDING

I, GINA WHITE PALMER, Director of the Attorney Services Division of the Supreme Court of Ohio, do hereby certify that I am the custodian of the records of the Office of Attorney Services of the Supreme Court and that the Attorney Services Division is responsible for reviewing Court records to determine the status of Ohio attorneys. I further certify that, having fulfilled all of the requirements for admission to the practice of law in Ohio,

**Marc Edward Dann**
Attorney Registration No. **0039425**

was admitted to the practice of law in Ohio on November 16, 1987; has registered as an active attorney pursuant to the Supreme Court Rules for the Government of the Bar of Ohio; is in good standing with the Supreme Court of Ohio; and is entitled to practice law in this state.

IN TESTIMONY WHEREOF, I have subscribed my name and affixed the seal of the Supreme Court, this 17th day of October, 2019.

GINA WHITE PALMER
*Director, Attorney Services Division*

Shannon Scheid
Attorney Services Specialist

No. 2019-10-17-1
Verify by email at GoodStandingRequests@sc.ohio.gov



Illinois | New Jersey | New York | Ohio | Oregon

Marc E. Dann
Direct Dial: 216-452-1026
Email: MDann@DannLaw.com

October 15, 2019

United States Bankruptcy Court
District of Oregon
1050 SW 6th Ave., #700
Portland, OR 97204

> Re: *Denice Irlene Ward*
> *Bankruptcy Case No. 12-33720 Adversary Case No. 19-3107*

Dear Honorable Judge Brown,

Pursuant to my recent pro hac vice application, I submit the following explanations:

1. **2004 Reprimand** – Prior to entering the political arena, I was a general practitioner, with an emphasis on domestic relations, in the Youngstown, Ohio area. In 2003, I represented an old client from a former law firm by the name of Jonathan Clark in a post-decree domestic matter. In representing Mr. Clark, I erroneously filed a Motion. The Magistrate and I differed and the Motion was dismissed. All funds paid by Mr. Clark were refunded and I wrote an apology letter to him and his former spouse. The local grievance committee felt that this matter should be referred for review and action by the Ohio Disciplinary Counsel. Although I disagreed, I chose to enter into a Consent Judgment Entry with a public reprimand. Any fines that were assessed have been paid. Any other requirements were all met and the matter was closed. It was an over sight that this was not listed in my original petition.

2. **2012-2013 Suspension** – In 2006, I was elected Ohio Attorney General. I started my term in January, 2007 and in May 2008 I resigned from Office. I was charged with misdemeanor ethics violations for conduct while acting as Attorney General. The charges were resolved via plea agreement with me being fined and given community service, all of which was completed.

    At issue was whether certain travel expenses on an Ohio Ethics Commission Disclosure form should have been disclosed at approximately $12,000.00 or $17,000.00. There was no issue about whether payment of such expense was allowable, (it was), or disclosed only a dispute about the amount that was disclosed.

---

2728 Euclid Avenue, Suite 300
Cleveland, Ohio 44115

DannLaw.com
[877] 475-8100

1



The second issue related to an affirmative decision that my campaign committee made to require state employees who engaged in political work to take leave from the state and be paid by the campaign committee. The Ohio Ethics Commission took the position that such payments were a prohibited supplement to the employees' state compensation and we took the position that this leave and compensation policy was only to clearly delineate when such individuals were working for the state versus working for the campaign.

I self-referred the criminal complaint to the Office of Disciplinary Counsel for the State of Ohio. The Ohio Supreme Court reprimanded me by imposing a 6-month suspension. I accepted responsibility for my actions and served this 6-month suspension from November 2012 through May, 2013. I complied with all of the terms of the suspension and any other sanctions imposed by the Ohio Supreme Court. In May, 2013, I submitted all of the required documentation and was brought back to active status in June, 2013.

In an effort to be open and forthright, attached to this letter are the pertinent documents from the Supreme Court public record file, which included the public records opinion, order of suspension, reinstatement order, etc. If you require further information, you can contact the Office of Disciplinary Counsel, 250 Civic Center Drive, Suite 325, Columbus, Ohio 43215-7411, Business Hours: 8 am-5pm, Phone: (514) 461-0256, Toll Free: (800) 589-5256, Fax: (614) 461-7205, and Disciplinary Counsel is Scott Drexel.

Since leaving the Attorney General's Office, I have focused my practice on consumer litigation and helping every day consumers. I am applying for admission to be able to bring violations of Reg. X and Z of the Real Estate Settlement Procedures Act on behalf of consumers.

If you require anything further, please contact our office.

Sincerely,

/s/ Marc Dann
Marc E. Dann
Attorney at Law



ATTORNEY DISCIPLINARY ORDER NO. 2013-46

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF ATTORNEY DISCIPLINARY PROCEEDINGS - Marc E. Dann Reinstatement to Practice Before this Court | ATTORNEY DISCIPLINARY ORDER NO. 2013-46<br><br>1:12-at-0033 |

Attorney Marc E. Dann, Attorney Registration Number 0039425, was suspended from the practice of law by order of The Supreme Court of Ohio dated November 20, 2012. This Court indefinitely suspended Marc E. Dann from the practice of law on January 2, 2013. Mr. Dann was reinstated to practice by order of The Supreme Court of Ohio on June 11, 2013.

Pending before the Court is Mr. Dann's Application for Reinstatement to practice before this Court filed on June 14, 2013. Mr. Dann appeared before the Committee on Complaints and Policy Compliance on July 8, 2013.

Upon consideration, the Court, in accordance with the recommendation of the Committee on Complaints and Policy Compliance, hereby grants the Application for Reinstatement of Marc E. Dann to practice law before this Court.

Accordingly, the name of Marc E. Dann shall be added to the roll of attorneys admitted to practice law before the United States District Court for the Northern District of Ohio.

**IT IS SO ORDERED.**

FOR THE COURT

*Solomon Oliver, Jr.*

Solomon Oliver, Jr.
Chief Judge
United States District Court

# BEFORE THE BOARD OF COMMISSIONERS
## ON
## GRIEVANCES AND DISCIPLINE
## OF
## THE SUPREME COURT OF OHIO

**11-2026**

In Re:

Complaint against

Marc Edward Dann
Attorney Reg. No. 0039425

Respondent,

Disciplinary Counsel

Relator.

Case No. 11-024

Findings of Fact,
Conclusions of Law and
Recommendation of the
Board of Commissioners on
Grievances and Discipline of
the Supreme Court of Ohio

FILED
DEC 05 2011
CLERK OF COURT
SUPREME COURT OF OHIO

## INTRODUCTION

{¶1} This matter was heard on November 3, 2011 in Cleveland, Ohio, before a panel consisting of John H. Siegenthaler, Judge Robert P. Ringland, and Judge Arlene Singer, chair. None of the panel members resides in the district from which the complaint neither arose or served as a member of the probable cause panel that reviewed the complaint pursuant to Gov. Bar R. V, Section 6(D)(I). Attorney Alvin E. Mathews represented Respondent. Attorney Joseph M. Caligiuri represented Relator.

{¶2} On April 14, 2011, the hearing panel was assigned to this matter. The matter initially was submitted to the hearing panel as consent to discipline, pursuant to BCGD Proc. Reg. 11. The agreement was timely filed with the Board. The hearing panel recommended acceptance of the agreement; however, after consideration, the Board rejected the agreement and remanded the matter to the panel for further proceedings.

{¶3}   Respondent was admitted to the practice of law in Ohio on November 16, 1987 and is subject to the Code of Professional Responsibility, Rules of Professional Conduct and the Rules for the Government of the Bar of Ohio.

{¶4}   Relator has charged Respondent with violating Prof. Cond. R. 8.4(h) [conduct that adversely reflects on a lawyer's fitness to practice law].

{¶5}   The bases for the complaint are the convictions and the facts underlying the convictions obtained against Respondent in the Franklin County Municipal Court, Case no. 2010 CRB 9998-1, 2.

{¶6}   In Count 1 of the complaint, Respondent was charged with violating R.C. 2921.43(A)(1):

> (A)   No public servant shall knowingly solicit or accept, and no person shall knowingly promise or give to a public servant, either of the following:
>
> (1)   Any compensation, other than as allowed by divisions (G), (H), and (I) of section 102.03 of the Revised Code or other provisions of law, to perform the public servant's official duties, to perform any other act or service in the public servant's public capacity, for the general performance of the duties of the public servant's public office or public employment, or as a supplement to the public servant's public compensation;
>
> (2)   Additional or greater fees or costs than are allowed by law to perform the public servant's official duties.

{¶7}   In Count 2, Respondent was charged with violating R.C. 102.02(D):

> (D)   No person shall knowingly file a false statement that is required to be filed under this section."

{¶8}   Both violations are 1st degree misdemeanors. Respondent entered an *Alford* plea as to Count 1 and a guilty plea as to Count 2, and was found guilty of both counts. Respondent

was sentenced on Count 1 to a $500 fine and on Count 2 to a $500 fine and ordered to perform 500 hours of community service to be completed by June 30, 2012.

{¶9} Respondent was previously found to have violated the Code of Professional Responsibility and was publicly reprimanded. *Mahoning Cty. Bar Assn. v. Dann*, 101 Ohio St.3d 266, 2004-Ohio-716

{¶10} The parties have rested on the stipulations of fact and conclusions of law they submitted previously with the consent to discipline.

## FINDINGS OF FACT

{¶11} Respondent served as Ohio Attorney General from January 8, 2007 until May 14, 2008. The facts underlying the criminal violations occurred during this time period.

*Facts underlying Count 1 of the Criminal Complaint*

{¶12} Respondent had hired Anthony Gutierrez as the Director of General Services at the Ohio Attorney General's office. Respondent hired Leo Jennings as the Communications Director at the Ohio Attorney General's office. They were thus public servants.

{¶13} Sometime after February 5, 2007, Respondent through his campaign committee, Dann for Ohio Committee, provided Gutierrez free rental housing and associated expenses totaling at least $7,178. On or about May 18, 2007, Respondent authorized the "Marc Dann OAG Transition Corp." to provide to Gutierrez a $5,000 interest free loan.

{¶14} Sometime after March 5, 2007, Respondent provided free rental housing and associate expenses paid through direct hotel billings for Leo Jennings. Also, a $3,000 per month "consulting fee" was paid to Jennings' business, Progressive Solutions Group (PSG), to

3

compensate Jennings for rent and associated living expenses. The total of these payments exceeded $30,000. The payments were made through the Dann for Ohio Committee.

{¶15} The payments for Gutierrez and Jennings terminated prior to May 2, 2008. Both Gutierrez and Jennings were employed by the Ohio Attorney General's office during the time period in question.

*Facts underlying Count 2 of the Criminal Complaint*

{¶16} On or about April 26, 2007, Respondent filed his required 2006 financial disclosure statement with the Ohio Ethics Commission. Respondent did not disclose his receipt of 15 checks, totaling $17,540.86, from the Dann for Ohio Committee. The checks were reimbursements for hotel rooms, parking, mileage, food, supplies, insurance for the campaign vehicle, and other related expenses.

{¶17} On or about April 15, 2008, Respondent filed his 2007 financial disclosure statement without disclosing the source of funds used for travel expenses for his travel to and attendance at a Democratic Attorneys General Association seminar in Scottsdale, Arizona between January 26-30, 2007. He was accompanied by his two minor children, Gutierrez's two minor children, and two other unidentified individuals.

{¶18} Respondent and his party travelled by private jet owned by Imaginaire Private Jet Charter. BFD Aircraft, LLC leased the private jet for this purpose and paid Imaginaire $20,803.52. BFD Aircraft is affiliated with Ben Barns Group, LP, founded by Ben Barnes who contributed $10,000 to Dann's campaign for Attorney General.

4

## CONCLUSIONS OF LAW

{¶19} The parties have agreed and stipulated and the panel finds by clear and convincing evidence that Respondent violated Prof. Cond. R. 8.4(h).

## MITIGATION AND AGGRAVATION

{¶20} The parties have stipulated to and the panel finds the following mitigating factors pursuant to BCGD Proc. Reg. 10 (B)(2): full and free disclosure to the Board and cooperative attitude toward proceedings; good character and reputation evidence; and imposition of other penalties and sanctions.

{¶21} The parties have stipulated to and the panel finds the following aggravating factor pursuant to BCGD Proc. Reg. 10 (B)(1): prior disciplinary record.

## SANCTION

{¶22} In the consent to discipline, the parties stipulated to a six-month suspension from the practice of law, all stayed. However, when the stipulations were later resubmitted, Relator reserved the right to amend his recommendation at the conclusion of the hearing. At that time, Relator requested that Respondent's Ohio license to practice law be suspended for one year, all stayed. Respondent requests a stayed suspension.

{¶23} Respondent has completed his community service and has paid his fines ordered in the criminal matters. He has presented letters from ten people, including four judges, attesting to his good character. At the hearing, testimony as to Respondent's good character was presented by two clients and an attorney who shares office space with him. A staff attorney from the Legal Aid Society of Cleveland, who in addition to submitting a letter, testified for Respondent. She is in charge of keeping track of pro bono hours contributed by attorneys.

Case 19-03107-tmb    Doc 14    Filed 10/22/19

Respondent completed his community service requirements through this pro bono program. Previous to his criminal sentence, Respondent had participated in this pro bono program, and he continued his participation after completion of his mandatory community service.

{¶24} Respondent presented testimony on his own behalf. He testified to the humiliation he and his family had experienced because of his actions. Respondent's family bonds have been broken or frayed and his relationship with his children has suffered. He is especially regretful for the pain he has caused his children.

{¶25} His explanations for his missteps revolve around his self-described hubris and arrogance. Respondent explained that he did not expect to win the election for attorney general and was apparently not prepared to immediately hire staff or properly organize his office. He testified that the other newly elected state office holders had hired many experienced persons, some from the attorney general's office, and he was left to set up a system to hire new employees, some of whom had little or no government experience. He claimed that because his staff wanted to "accommodate" him, they recommended for hiring those they thought he wanted to hire, rather than those he should have hired. As a result, he hired people that he should not have.

{¶26} He explained that the payments from his campaign committee for rent and other expenses for Gutierrez and Jennings were to avoid paying public funds for their political work. As he had been critical of his predecessor for allowing state employees to do political work on state time, he wanted to compensate his own employees for doing political work outside of state hours. Even though Respondent was aware that the state had enacted legislation prohibiting additional compensation, remembering the case of a previous lieutenant governor who had

6

accepted additional compensation from a campaign committee, he accepted what was told to him without question, *i.e.* that his office had been advised that campaign funds could be used for that purpose.

{¶27} Respondent filed incorrect financial disclosure statements because he reported the payments to himself from the campaign committee on his campaign reports and did not think that he had to include these payments on his financial disclosure statements also. He claims he did report the use of the private jet for his travel to the Democratic Attorneys General Association seminar payments on his financial disclosure statement. He reported the "Democratic Attorneys General Association" as the source of travel expense payment of $7,687.14, rather than the $20,803.52 paid by BFD Aircraft LLC, affiliated with a campaign contributor. Respondent explains that he arrived at the reported amount by following Federal Election Commission guidelines, using the value of two first class airline tickets. He further states that someone else prepared the statements for him whom he relied on to do the necessary "legal" research and analysis as to what and how to report payments and expenses. The fact remains that he plead guilty to the charges.

{¶28} Counsel have cited *Disciplinary Counsel v. Taft*, 112 Ohio St.3d 155, 2006-Ohio-6525 and *Disciplinary Counsel v. Forbes*, 122 Ohio St.3d 171, 2009-Ohio-2623 in support of an appropriate sanction.

{¶29} In *Taft*, a public reprimand was ordered when Respondent failed to report over 50 gifts (mostly golf outings and other events) on his financial disclosure statement. He was found to have violated DR 1-102(A)(6) [conduct that adversely reflects on a lawyer's fitness to practice law] pursuant to a consent to discipline agreement filed with and accepted by the Board and the

Supreme Court. Taft had been charged with four counts of violating R.C. 102.02(D) [filing false financial disclosure statements). He pleaded no contest to the charges, was found guilty, and was sentenced. The Board characterized Tafts's actions as "carelessness."

{¶30} In *Forbes*, Respondent was found to have violated DR 1-102(A)(6) after being convicted of four violations of R.C.102.02(D) (filing false financial disclosure statements) and two violations of R.C. 102.03(E) (accepting gifts of such character as influence the performance of his duties as a public official), after a full hearing before a panel of the Board at which he tried to "explain away" his actions. The Court found this to be an aggravating factor and ordered his license suspended for six months, all stayed. The panel and the Board had recommended that Forbes receive a public reprimand.

{¶31} The parties also cite *Disciplinary Counsel v. Carroll*, 106 Ohio St.3d 84, 2005-Ohio-3805. Carroll, as a member of the Ohio State Barber Board, submitted inaccurate and improper reimbursement requests. He was found to have violated DR 1-102(A)(6) and DR 1-102(A)(4) [conduct involving dishonesty, fraud, deceit, or misrepresentation]. His full cooperation, restitution, acknowledgement of responsibility, resignation from the Barber Board, no selfish or dishonest motive, genuine remorse without excuses, service to financially needy clients, no harm to legal clients, criminal prosecution and payment of a fine, and good character and reputation were all factors cited by the Court. The Court found that Carroll had already been appropriately punished and stated that "the public would not be well served by his actual suspension," noting that Carroll was no longer accountable to the public for his work hours. Because of this mitigating evidence, Carroll was given a stayed suspension, rather than an actual suspension. Compare *Disciplinary Counsel v. Fowerbaugh*, 74 Ohio St.3d 187, 1995-Ohio-261,

8

¶13 ["A violation of DR 1-102(A)(4) usually requires an actual suspension from the practice of law for an appropriate period of time"].

{¶32} The panel recognizes that *Taft*, *Forbes*, and *Carroll* are precedent for no more than a stayed, suspended license sanction. We must fashion a sanction keeping in mind that the primary purpose of the sanction is not to punish the offender, but to protect the public. See *Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704; *Ohio State Bar Ass'n. v. Weaver* (1975), 41 Ohio St.2d 97, and *Disciplinary Counsel v. Hunter*, 106 Ohio St.3d 418, 2005-Ohio-5411.

{¶33} As a consequence of his criminal conviction, Respondent cannot hold public office for seven years. Respondent expresses no or very little interest in future public office. However, the fact remains that Respondent's position as the Attorney General of Ohio sets him apart from other lawyers. In the least, Respondent's explanations for his conduct speak poorly to his judgment. Poor judgment is not an aggravating factor. However, whether or not his explanations were sensible or credible, they are not an excuse. The panel cannot help but wonder at the harm to the reputation of the legal profession and to the confidence of the public in the office of Attorney General when the chief law officer in the state has committed ethical errors and tries to explain them away as Respondent has.

{¶34} The panel recommends that Respondent's license to practice be suspended for six months.

## BOARD RECOMMENDATION

Pursuant to Gov. Bar R. V, Section 6(L), the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio considered this matter on December 1, 2011. The

Case 19-03107-tmb    Doc 14    Filed 10/22/19

Board adopted the Findings of Fact, Conclusions of Law, and Recommendation of the panel and recommends that Respondent, Marc Edward Dann, be suspended from the practice of law in the State of Ohio for six months. The Board further recommends that the cost of these proceedings be taxed to Respondent in any disciplinary order entered, so that execution may issue.

        Pursuant to the order of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio, I hereby certify the foregoing Findings of Fact, Conclusions of Law, and Recommendations as those of the Board.

        RICHARD A. DOVE, Secretary
Board of Commissioners on
Grievances and Discipline of
the Supreme Court of Ohio